STATE OF CONNECTICUT *v.* ALBERT CRISCUOLO

CIRCUIT COURT                              SEVENTH CIRCUIT
FILE No. CR 7-19633

*Memorandum filed May 8, 1970*

*Walter H. Scanlon,* assistant chief prosecuting attorney, for the state.

*Anthony J. Lasala,* of New Haven, for the defendant.

JACOBS, J. Section 54-33f of the General Statutes expressly provides for a motion to suppress and "is analogous to the federal practice under Rule 41 (e) of the Federal Rules of Criminal Procedure." *State v. Mariano,* 152 Conn. 85, 90, cert. denied, 380 U.S. 943. Under our statute, a person aggrieved by an unlawful search and seizure may move for the restoration of the property and for suppression of its use as evidence. In the present case, the motion seeks to "suppress for use as evidence anything so obtained and the return of the property so seized." A schedule of the property allegedly seized is not annexed to the motion, nor were the articles specifically identified at the evidential hearing on the motion.

In *O'Neal v. United States,* 222 F.2d 411, the defendant was convicted of a violation of a narcotics statute. Prior to trial, the defendant filed a written motion "that the evidence taken from her at the time of her arrest be suppressed at the trial herein, as the arrest was illegal, and the subsequent search of her premises was in violation of her Constitutional rights." The articles which the defendant desired to have suppressed for use as evidence were not enumerated or described in the motion, nor were they specifically identified at the evidential hearing on the motion. The court held (p. 412) : "The motion was therefore insufficient and need not have been considered." And in *United States v. Carney,* 188 F. Sup. 86, the defendant moved to suppress any and all evidence through wiretapping. The court held (p. 88) : "It is well settled that a party moving for suppression of evidence must state definitely what particular . . . [articles or items] he desires suppressed. An allegation to suppress all illegally obtained evidence is insufficient." See also *United States v. Russo,* 155 F. Sup. 251, 254; 11 Cyc. of Federal Procedure (3d Ed. Rev. 1963) § 44.50,

p. 592; 3 Wright, Federal Practice and Procedure § 675, p. 126 n.76. For the proper form of a motion to suppress, see 3 Nichols, Cyclopedia of Federal Procedure Forms § 131.17, p. 323; 4A Bender, Federal Practice Forms, No. 4604.

For reasons set forth herein, the motion to suppress the evidence is denied without prejudice to renew the motion at the time of trial.