EUGENE SALAMANDRA ET AL. *v.* EDWARD J. KOZLOWSKI,

COMMISSIONER, DEPARTMENT OF MOTOR VEHICLES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 6—decision released May 24, 1977

*Victor M. Gordon,* with whom, on the brief, was *David W. Goldman,* for the appellants (plaintiffs).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiffs, A-1 Rentals, Inc., a Connecticut corporation, and Eugene Salamandra, the president and treasurer of said corporation, brought an action for a declaratory judgment to

determine whether under the provisions of § 53-303[1] of the General Statutes the plaintiff Salamandra and members of his family can legally engage in the business of merchandising motor vehicles on Sunday. The defendant named in the declaratory judgment action was the commissioner of motor vehicles for the state of Connecticut.

The defendant commissioner filed a plea in abatement challenging the jurisdiction of the court to render a declaratory judgment, on the ground that the plaintiffs failed to comply with the requirements of § 309 (d) of the Practice Book that all persons having an interest in the subject matter of the complaint be parties to the action.

Section 309 of the Practice Book provides in relevant part: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

The trial court found that all persons, firms and corporations licensed by the state of Connecticut to merchandise motor vehicles had an interest in the subject matter of this action; that all such persons, firms and corporations must be notified or

---

[1] "[General Statutes] Sec. 53-303. PERSONS WHO OBSERVE SATURDAY EXCEPTED FROM SUNDAY LAW. No person who conscientiously believes that the seventh day of the week ought to be observed as the Sabbath, and actually refrains from work, labor or business on that day, or who conscientiously believes that the Sabbath begins at sundown on Friday night and ends at sundown on Saturday night, and actually refrains from work, labor or business during said period, and who has filed written notice of such belief with the prosecuting attorney of the court having jurisdiction, shall be liable to prosecution for performing work, labor or business on Sunday, provided he shall not disturb any other person who is attending public worship."

joined as parties in compliance with § 309 (d) of the Practice Book; and that since such persons, firms and corporations had not been made parties to, or been given notice of, said action, the court was without jurisdiction to render a declaratory judgment. The trial court rendered judgment sustaining the plea in abatement and denied the motion to vacate the order sustaining the plea in abatement. From the judgment rendered dismissing the action the plaintiffs have appealed, assigning error in the action of the court in sustaining the plea in abatement and in denying the plaintiffs "an opportunity to seek an order of notice for service of the complaint upon 'all [other] persons having an interest in the subject matter of the complaint.' "

The facts found by the trial court have not been challenged. The error assigned to the court's refusal to find facts claimed to be admitted or undisputed has not been briefed and is considered abandoned. *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

The conclusions of the court are tested by the facts found. *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions must stand "unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." *Schnier* v. *Ives,* 162 Conn. 171, 177, 293 A.2d 1. It is evident that the facts found by the trial court amply support the conclusions reached and the record fails to disclose the application of any erroneous rule of law.[2]

---

[2] The plaintiff has briefed and argued the claim that Practice Book § 309 (d) is applicable only to adverse parties. It is true that unless all persons who will be affected by the judgment are parties, the court will not ordinarily decide the issue. The rule, however,

The plaintiffs next claim that the plea in abatement was an improper one to challenge the court's lack of jurisdiction, asserting that the proper pleading should have been a motion to erase. That claim was not raised nor ruled upon by the trial court as required by § 652 of the Practice Book. Moreover, whenever a question of lack of jurisdiction is brought to the attention of the court, that issue must be decided before any further action is taken, and the issue of jurisdiction must be disposed of regardless of the form of the motion. *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 559-60, 290 A.2d 348; see *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711. The claim lacks merit.

The plaintiffs have also assigned error in the denial of their motion to vacate the order sustaining the plea in abatement which, they claim, constituted an application for an order of notice. The denial of the motion was within the legal discretion of the trial court and, based upon the record before it, did not constitute an abuse of that discretion. *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463; see *Tyler* v. *Aspinwall,* 73 Conn. 493, 497, 47 A. 755. With respect to this claim, it is appropriate to note that the plaintiffs could have sought such an order of notice by bringing a new action and applying for such an order of notice without the necessity of an appeal to this court.

There is no error.

---

goes further and refers to "all persons having an interest in the subject matter," i.e., persons whose presence is not necessary but who have a direct interest. All such persons should have notice. Maltbie, Conn. App. Proc. § 230.