Per Curiam.
The plaintiff appeals following the trial court’s denial of his motion to set aside the verdict and for a new trial. The jury rendered its verdict on November 26, 1986, which the court accepted and on which judgment was rendered. The plaintiff filed a motion to set aside the verdict and for a new trial on December 4, 1986. The determination of the timeliness of the plaintiff’s motion is dispositive of this appeal.
Practice Book § 320 provides in part: “Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered, exclusive of such days as the clerk’s office is not open; provided that for good cause the court may extend this time.” (Emphasis added.)
Practice Book § 405 provides in relevant part: “Clerks’ offices shall be open each weekday from Monday to Fri *814 day inclusive, between 9 o’clock in the forenoon and 5 o’clock in the afternoon, but they shall not be open on legal holidays. If the last day for filing any matter in the clerk’s office falls on a day on which such office is not open as thus provided . . . then the last day for filing shall be the next business day upon which such office is open.”
Our Supreme Court has recently concluded that, “[b]y its very terms, § 405 applies only to the ‘last day for filing’ or terminal day of the time period. . . . Our interpretation accords with the common law rule that ‘if the last day for performance of certain acts falls on a Sunday or a legal holiday, the doing of that act on the following day would be timely.’ Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 9, 363 A.2d 1386 (1975). Intervening nonterminal days in which the clerk’s office is not open are immaterial.” (Citation omitted.) Small v. South Norwalk Savings Bank, 205 Conn. 751, 757-58, 535 A.2d 1292 (1988). The plaintiff’s motion to set aside the verdict and for a new trial was, therefore, filed well beyond the five-day limit.
The plaintiff’s failure to file a timely motion to set aside the verdict limits this court to ascertaining whether there was plain error. Id., 758. After a careful review of the record and the briefs we cannot find that the trial court committed plain error.
There is no error.