FRANK X. LO SACCO *v.* DEBRA M. YOUNG ET AL.
(13420)

PETERS, C. J., HEALEY, SHEA, GLASS and HULL, Js.

Argued January 5—decision released March 28, 1989

*Frank X. Lo Sacco,* pro se, the appellant (plaintiff).

*Joseph P. Patrucco,* for the appellees (defendants).

PER CURIAM. The sole issue in this appeal is whether the Appellate Court erred in limiting its review of the plaintiff's claims to plain error based on the plaintiff's untimely filing of a motion to set aside the verdict and for a new trial, even though the defendants did not object to the untimely motion. We conclude that the defendants waived their rights with respect to the defect and thus the Appellate Court should not have limited its review to plain error.

On November 5, 1985, the plaintiff, Frank X. Lo Sacco, instituted an action against three defendants, Debra M. Young, Lori Golab and Kim Billian. The court, with consent of the parties, referred the matter to a state trial referee, *Hon. Harry W. Edelberg,* for trial by jury. On November 26, 1986, the jury returned its verdict in favor of the defendants, which verdict the court accepted.

On December 4, 1986, eight days after the court accepted the verdict, the plaintiff filed a motion to set aside the verdict and for a new trial. The defendants did not object to this motion. The court, after a hearing at which the plaintiff and the defendants' counsel appeared, denied the plaintiff's motion and rendered judgment in favor of the defendants on December 15, 1986. On December 30, 1986, the plaintiff filed an

appeal with the Appellate Court claiming eight errors in his trial before the jury.

The Appellate Court heard the appeal on February 18, 1988. The defendants instructed their counsel not to attend oral argument and informed the Appellate Court that they would rely solely on their brief in response to the plaintiff's arguments. On March 8, 1988, the Appellate Court issued its decision finding no error. *Lo Sacco* v. *Young,* 13 Conn. App. 827, 539 A.2d 149 (1988). The Appellate Court declared, sua sponte, that "[t]he determination of the timeliness of the plaintiff's motion [to set aside the verdict and for a new trial] is dispositive of this appeal." Id., 827. The Appellate Court noted that Practice Book § 320[1] provides that a motion to set aside a verdict and for a new trial must be filed within five days from the day that the verdict is accepted or the judgment is rendered. Id. The Appellate Court stated that the plaintiff's motion was not filed within this five day limit and thus review of the plaintiff's claims would be restricted to whether there was plain error in the trial. Id., 828. The Appellate Court said: "After a careful review of the record and the briefs we cannot find that the trial court committed plain error." Id. We granted the plaintiff's petition for certification on April 21, 1988.

The plaintiff, appearing pro se throughout these proceedings, essentially claims that the Appellate Court did not have authority to raise, sua sponte, the issue of

---

[1] Practice Book § 320 provides: "——MOTIONS IN ARREST OF JUDGMENT, TO SET ASIDE VERDICT OR FOR NEW TRIAL

"Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered, exclusive of such days as the clerk's office is not open; provided that for good cause the court may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies."

untimeliness. Therefore, the plaintiff contends that the Appellate Court improperly limited its review of the plaintiff's claims to a review for plain error.

The defendants contend that the language of Practice Book § 320 requiring that a motion to set aside a verdict and for a new trial be filed within five days from the acceptance of the verdict or entrance of judgment is mandatory. The defendants cite *Aubrey* v. *Meriden,* 121 Conn. 361, 185 A. 87 (1936), in support of this proposition. In *Aubrey,* this court examined the requirement of a twenty-four hour filing deadline for a motion to set aside a verdict under a predecessor rule to § 320, Practice Book (1934) § 229. The plaintiff attempted to file a motion to set aside the verdict one day late and the court clerk would not accept the motion. The court denied the plaintiff's motion to compel the clerk to accept the motion or for an extension of time to file the motion to set aside. Id., 363–64. This court found no error in the trial court's rulings, but its reasoning is not as clear as the defendants assert.

In *Aubrey,* this court found no error in the trial court's rulings for two reasons. We stated that the trial court did not err in declining to grant an extension of time to file the motion to set aside because this court did not find that the trial court abused its broad discretion in this regard. Id., 365; see *Evergreen Cooperative, Inc.* v. *Michel,* 36 Conn. Sup. 541, 544, 418 A.2d 99 (1980). We also said: "Furthermore, the claim of proof by the parties and the charge make it quite evident that in this case there could have been no substantial basis for the granting of the motion had it been seasonably filed." *Aubrey* v. *Meriden,* supra, 365–66. Therefore, although the *Aubrey* opinion *may* be construed to hold that the time limit in Practice Book

(1934) § 229 was a mandatory requirement,[2] we do not view that case as necessarily holding so under all circumstances.

Nevertheless, we do not dispute the defendants' contention that the filing deadline in Practice Book § 320 is a mandatory requirement. The section says that "motions to set aside a verdict and motions for new trials . . . *must* be filed with the clerk within five days after the day the verdict is accepted or judgment rendered . . . ." (Emphasis added.) We have held other rules of practice that employ the term "must" or a similar term to be mandatory. See *Hughes* v. *Bemer,* 200 Conn. 400, 402–403, 510 A.2d 992 (1986); see also *Blonder* v. *Hartford Helicopters, Inc.,* 209 Conn. 618, 619–20, 552 A.2d 427 (1989); *Burton* v. *Planning Comission,* 209 Conn. 609, 613–14, 553 A.2d 161 (1989). We construe words used in the Practice Book according to their commonly approved meaning. See *Ganim* v. *Roberts,* 204 Conn. 760, 763, 529 A.2d 194 (1987); *Grievance Committee* v. *Trantolo,* 192 Conn. 15, 22, 470 A.2d 228 (1984) (Practice Book rules interpreted under same rules of construction as statutes). The word "must" usually connotes a command or requirement. See Webster's Third New International Dictionary.

Our determination that the time limit in Practice Book § 320 is mandatory, however, does not end our inquiry.[3] The more important question in this case is whether the time limit under Practice Book § 320 is

---

[2] This construction of the holding is supported by the court's statements such as: "No permissible construction of the rule would permit the filing of the motion in this case on the following Monday [one day late]." *Aubrey* v. *Meriden,* 121 Conn. 361, 365, 185 A. 87 (1936).

[3] The fact that Practice Book § 320 operates in conjunction with General Statutes § 52-228b does not change our analysis. For our purposes, § 52-228b only requires that a motion to set aside a verdict in a civil action involving a claim for money damages be in writing.

a substantive requirement or a procedural rule. If it is the former, noncompliance with the rule is a jurisdictional defect that may be raised on the court's own motion, but if it is the latter, any defect caused by noncompliance with the rule may be waived by the opposing party and thus may not be raised by the court sua sponte. We conclude that the time limitation of Practice Book § 320 is procedural rather than substantive:

" 'Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created.' " *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 73, 540 A.2d 59 (1988), quoting *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 456, 334 A.2d 909 (1973). This court has consistently held that jurisdictional limitations are not waived by a failure to object to the defect, and the court may raise such a jurisdictional defect on its own motion. *Ecker* v. *West Hartford,* 205 Conn. 219, 232, 530 A.2d 1056 (1987); *Moore* v. *McNamara,* 201 Conn. 16, 23, 513 A.2d 660 (1986); *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 546–47, 325 A.2d 259 (1973).

In this case, however, we are concerned with a time limitation imposed by Practice Book § 320, not by constitutional or statutory mandate, and thus it cannot be jurisdictional. See *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980); *LaReau* v. *Reincke,* 158 Conn. 486, 492–95, 264 A.2d 576 (1969). This court also has consistently stated that procedural defects are waived unless specially pleaded and thus courts may not raise defects based on noncompliance with procedural limitations on their own motions. *Orticelli* v. *Powers,* 197 Conn. 9, 15, 495 A.2d 1023 (1985); *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 511–13, 356 A.2d 144 (1975); see *Ecker* v. *West Hartford,* supra, 231–32.

Having determined that the five day filing limitation for motions to set aside a verdict and for a new trial under Practice Book § 320 is procedural rather than jurisdictional, it is clear that the Appellate Court erred in raising the timeliness issue sua sponte.[4] The defendants concede that at no time in any of the proceedings in this case did they "question the timeliness of filing the motion to set aside the verdict [and] for a new trial." As a matter of law then, it is clear that the defendants waived the nonjurisdictional defect in the plaintiff's motion. See *Pepe* v. *New Britain,* 203 Conn. 281, 286, 524 A.2d 629 (1987) (failure to file special defense waived when no objection); *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 115,

---

[4] The defendants cite *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 441 A.2d 163 (1981), *Salamandra* v. *Kozlowski,* 173 Conn. 136, 376 A.2d 1103 (1977), and *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), in support of the proposition that errors not claimed at trial may be reviewed on appeal. These three cases, however, are inapposite to the present case.

The appeal in *Pietrorazio* v. *Santopietro,* supra, 513, was based on General Statutes § 52-263, which is a jurisdictional statute authorizing appeals from final judgments. In that case, we held that the statute authorized appellate jurisdiction despite the plaintiff's failure to file a motion to set aside the verdict with the trial court. Appellate jurisdiction under the statute was not waived by the failure to file the motion with the trial court; however, review was limited to whether there was plain error. Id., 515. As stated previously, there is no jurisdictional basis for the defendants' claim in the present case.

In *Salamandra* v. *Kozlowski,* supra, 139, the plaintiffs claimed that the defendant's challenge to the trial court's jurisdiction by a plea in abatement was improper and that the challenge should have been by a motion to erase. This claim was not raised at trial, but this court did entertain it. *Salamandra,* however, differs from this case because, again, the new claim on appeal was a jurisdictional claim, not a procedural one.

In *State* v. *Evans,* supra, 70, we declared that there are two circumstances under which we will review claims not raised at trial: (1) when "a new constitutional right not readily foreseeable has arisen between the time of trial and appeal" or (2) when "the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." But again, *Evans* review is based on constitutional claims. There is no such claim in this case. In addition, the Appellate Court cases that the defendants cite in support of this proposition are similarly unpersuasive.

348 A.2d 651 (1974); *Avis Rent-A-Car System, Inc.* v. *Crown High Corporation,* 165 Conn. 608, 614, 345 A.2d 1 (1973); *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596 (1960); *State* v. *Davis,* 2 Conn. Cir. Ct. 257, 260, 197 A.2d 668 (1963) (defect caused by untimely filing of motion for new trial under Practice Book [1951] § 233 waived when no objection). Therefore, the Appellate Court erred in restricting the review of the plaintiff's claims to plain error based on the untimeliness of the plaintiff's motion to set aside the verdict and for a new trial.[5]

There is error, the judgment of the Appellate Court is reversed and the case is remanded to that court with direction to decide the plaintiff's appeal on the briefs already filed by the parties in the Appellate Court.

---

[5] We note that this court already has addressed the issue of whether appellate courts in this state should employ plain error review when there is no objection to an untimely motion to set aside the verdict. In *Coelho* v. *Posi-Seal International, Inc.,* 208 Conn. 106, 544 A.2d 170 (1988), motions of the defendant and the plaintiff to set aside the verdict were both filed late. In a footnote, Justice Shea contrasted the facts of *Coelho* with those of *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 756–59, 535 A.2d 1292 (1988), a case in which a motion to set aside the verdict was filed late and the opposing party did object. In *Coelho,* Justice Shea noted: "In *Small* v. *South Norwalk Savings Bank,* [supra], this court held that Practice Book §§ 320 and 321 require that motions for a new trial, to set aside a verdict, and for judgment notwithstanding verdict must be filed with the clerk within five calendar days after the day the verdict is accepted or judgment rendered unless the last day to file falls upon a day when the clerk's office is closed. We held that a party's failure to file a timely motion to set aside the verdict limits this court to ascertaining whether there has been plain error. Id., 758. In *Small,* however, the plaintiff promptly objected to the defendant's motions in arrest of judgment on the ground of untimeliness. In the case at bar, the defendant did not object to the plaintiff's motion to set aside the verdict on the ground that it was untimely. Indeed, neither party was aware that their motions to set aside the verdict were untimely until this court pointed out this problem at argument. Accordingly, we apply the normal standard of review applicable in a civil appeal. See Practice Book § 4185." *Coelho* v. *Posi-Seal International, Inc.,* supra, 108 n.3. A fair inference from Justice Shea's opinion in *Coelho* is that the defendant's failure to object to the plaintiff's motion constituted a waiver of the procedural defect.