[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Administrative Director of the State Bar Examining Committee and the Bar Examining Committee, both of whom are named as defendants, seek dismissal of this proceeding on the ground this court lacks jurisdiction over the subject matter. They claim this court lacks jurisdiction because plaintiff, John J. Scinto, has failed to allege facts which overcome the bar of sovereign immunity and has failed to notify all persons having an interest in the matter. I have concluded that this court has jurisdiction over the plaintiff's due process claim. I have denied the Motion to Dismiss.
The plaintiff claims, among other things, that his due process rights were violated by the committee's making gross errors in grading his examination. He seeks a review of his bar examination results. He also seeks a declaratory judgment that the grading system is unconstitutional. After reviewing the reports of the Supreme Court, I have determined that the portion of the plaintiff's complaint seeking a review of his essay examination is a petition requesting this court to exercise its supervisory powers over the Bar Examining Committee. Such proceedings are not actions or suits at law even though bar examining committees have often been carried as parties in the case titles. Heiberger v. Clark, 148 Conn. 177, 182-83
(1961). Since the proceeding is in the nature of a petition as opposed to a suit against a state officer, the doctrine of sovereign immunity does not apply.
The defendants claim that all persons having an interest in the request for a declaratory judgment have not been made parties or given proper notice as required by 390(d) of the Practice Book. This court cannot render a declaratory judgment "until all persons directly concerned have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard . . . ." Manafort Bros., Inc. v. Kerrigan, 154 Conn. 112, 114 (1966). Since the plaintiff's right to bring an action for a declaratory judgment involves the jurisdiction of the court to entertain the action, the jurisdictional issue may be raised at any time. Reilly v. Liquor Control Commission, 153 Conn. 242, 248 (1965). In an action for declaratory judgment, a plaintiff may cure the defect of parties and notice prior to the time of judgment. State ex rel. Kelman v. Schaffer, 161 Conn. 522, 528 (1971); United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,388 (1969). CT Page 4061
The defendants contend that all those applicants who have recently taken the examination, as well as prospective applicants, should be given notice. The other applicants appear to be persons who have an interest in the subject matter even though their interests may not be adversely affected. Under Practice Book 390(d), all persons having an interest in the subject matter should be made parties to, or be given notice of, the action. See Salamandra v. Kozlowski, 173 Conn. 136, 138
n. 2 (1977). Since the plaintiff has a viable due process claim, his rule does not divest this court of jurisdiction. The plaintiff has requested various types of relief. While this court may not have the power to enter a declaratory judgment, it does have jurisdiction over the plaintiff's due process claim that his examination was improperly graded. Hence, the suit can not be dismissed for lack of jurisdiction over the subject matter.
The defendants also claim that procedural due process has been satisfied because there is no restriction on the number of times an applicant may sit for the examination. Practice Book 15A. Because this claim has been raised in the context of sovereign immunity, which I have determined to be inapplicable, I do not pass upon this claim at this time.
For the foregoing reasons, the Motion to Dismiss is denied.
George N. Thim, Judge