[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONN [DECISION] ON PLAINTIFF'S MOTION TO OPEN A JUDGMENTOF STRICT FORECLOSURE
This matter is the plaintiff's motion to open a judgment of strict foreclosure. On March 20, 1995, this court (Rittenband, J.) entered a judgment of strict foreclosure setting law days beginning April 26, 1995, for the owner of the equity of redemption and subsequent days for junior encumbrancers, running to and including May 4, 1995. On May 4, 1995, the plaintiff CT Page 5218 filed a motion to open the judgment and reset law days because it failed to give notice to Citibank as required by Practice Book § 354. The motion to open was first heard on May 15, 1995, and subsequently rescheduled for May 22, 1995.
During oral argument, the plaintiff asserted that it was seeking to open the judgment because Citibank, a second mortgagee, who did not receive notice pursuant to § 354, intends to redeem. Predictably, the second mortgagee also urges the court to grant the plaintiff's motion to open and set new law days. At that time, the court raised, sua sponte, the issue of whether the court lacks jurisdiction to hear the matter because the motion was not heard until after the law days had run. In response, the plaintiff and Citibank argued that, because plaintiff did not comply with the notification requirements of Practice Book § 354, title never became absolute despite the passing of the law days.
General Statutes, § 49-15 provides that a court may open a judgment at its discretion but "no such judgment shall be opened after the title has become absolute in any encumbrancer." Accordingly, in the present case, the court lacks subject matter jurisdiction if title has become absolute. Connecticut courts have "consistently held that . . . the court may raise such a jurisdictional defect on its own motion." Lo Sacco v. Young,210 Conn. 503, 508 (1989).
In the present case, the plaintiff and Citibank argue that because no notice was given pursuant to Practice Book § 354, title never became absolute. The only case law the court's research disclosed regarding the consequences of failing to comply with Practice Book § 354 involved situations where a defendant moved to open the foreclosure judgment more than four months after the entry of the default judgment. In these cases, the courts have held that failure to comply with Practice Book § 354 serves to extend the four-month period within which the defendants may seek to set aside the judgment against them.DiSimone v. Vitello, 6 Conn. App. 390 (1986); Migliore v. MerrittMedical Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 90088S (June 1, 1993) (Fuller, J.). These cases, however, do not address the issue presented to the court in the instant case, i.e., whether failure to give notice under Practice Book § 354 prevents title from becoming absolute upon the passing of the law days. CT Page 5219
If a party files a motion to open a judgment before the appeal period has expired, the automatic stay provision created by Rules of Appellate Procedure § 4046 is triggered. Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 353 (1990). That section provides, in pertinent part, "if an appeal is filed, such proceedings shall be stayed until the final determination of the cause." As a result of the stay, the law days have no force. Id. Accordingly, title cannot become absolute in any encumbrancer. Id.
In the present case, the court entered a judgment of strict foreclosure on March 20, 1995. The Rules of Appellate Procedure § 4009 states that in terms of a motion to open the judgment "the period of time for filing an appeal shall commence from the issuance of notice of the decision." Thus, if the plaintiff had properly notified Citibank, pursuant to Practice Book § 354, the appeal period would have expired on April 10, 1995. On May 4, 1995, the plaintiff filed a motion to open the judgment. If the court determines that the appeal period has lapsed the mere filing of a motion to open judgment fails to stop the running of the law days and title from becoming absolute. Kilduff v. Adams,219 Conn. 314 (1991). See D. Caron, Connecticut Foreclosures (2 ed., 1993 sup.), p. 97. In the instant case, however, the appeal period never began to run because, as the plaintiff concedes, it never notified Citibank of the default judgment. See Rules of Appellate Procedure § 4009. Consequently, the filing of the motion to open is within the appeal period. Therefore, the principle enunciated in Farmers Mechanics Savings Bank, supra, applies, and the court finds title did not become absolute. Accordingly, the court may exercise its discretion to open the judgment.
Equity dictates that the motion be granted. Citibank, a second mortgagee was never given notice of default judgment and seeks to redeem. The plaintiff, as first mortgagee wants Citibank to have the opportunity to redeem. Furthermore, the resetting of the law days benefits all defendants giving them another opportunity to redeem.
Accordingly, the motion to open judgment is granted and a new law day for the owner of the equity of redemption is set for July 11, 1995, the subsequent days for encumbrancers.
Sferrazza, J. CT Page 5220