******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HECTOR G. MORERA *v.* STEPHENIE C. THURBER
(AC 37040)

Gruendel, Sheldon and Schuman, Js.

*Argued October 20, 2015—officially released January 5, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Bozzuto, J.)

*Hector Morera*, self-represented, the appellant (plaintiff).

*Opinion*

GRUENDEL, J. The self-represented plaintiff, Hector G. Morera, appeals from the judgment of the trial court denying, in part, his request for leave to file postdissolution motions for modification and contempt. The plaintiff claims that the court (1) improperly denied his request for leave to file a motion to modify certain custody and parental access orders without conducting a probable cause hearing pursuant to Practice Book § 25-26 (g), (2) abused its discretion in denying that motion to modify, and (3) abused its discretion in denying his request for leave on two of the four claims underlying his motion for contempt against the defendant, Stephenie C. Thurber.[1] We dismiss in part and reverse in part the judgment of the trial court.

The record discloses the following undisputed facts. The parties married in 2002, and two children were born of the marriage. Following the subsequent breakdown of their marriage, the parties voluntarily entered into a comprehensive separation agreement regarding their finances that the court incorporated into its judgment of dissolution. A trial followed on the issues of child custody and access. By memorandum of decision dated June 18, 2012, the court dissolved the parties' marriage, finding that it had broken down irretrievably without attributing fault to either party as to the cause. The court awarded sole legal custody of the minor children to the defendant and entered detailed parental access orders.

Approximately one year later, the defendant filed a motion to modify the existing parenting plan.[2] The plaintiff filed an objection and various other motions in response thereto. Following an evidentiary hearing, the court concluded that a substantial change in circumstances warranted a modification to the parental access orders.[3] The court thus ordered that, henceforth, "[a]ll access with the children by [the plaintiff] shall be as directed and supervised by the Klingberg Institute until written agreement of the parties with the input of Klingberg's experts or further order of the court." In so doing, the court expressly defined "access as any contact with the children. All access shall be as directed and supervised by the Klingberg Institute." In addition, the court ordered that "[n]either party shall file any motion with this court without first seeking and receiving the permission of the presiding judge."

The plaintiff thereafter filed a request for leave to file a motion for clarification with the court. In response, the court issued a memorandum of decision in which it clarified that it had "ordered more than just professional supervised visitation for these children with [the plaintiff]. The court intended, but did not fully articulate, that a reunification program through the Klingberg [Institute] take place. The court refers

the matter to Family Relations in order to implement this order . . . ."

On July 2, 2014, the plaintiff filed a request for leave to file postdissolution motions for modification and contempt, which were predicated primarily on the defendant's alleged interference in that reunification process. The motion to modify asked the court, inter alia, to "[r]estore joint legal custody to the [p]laintiff" and to "[r]estore visitation between the [p]laintiff and both minor child . . . as outlined in [the court's] June 18, 2012 [judgment of dissolution] orders." The motion also requested that the court hear argument on the motion to modify in conjunction with argument on his July 2, 2014 motion for contempt. In an accompanying form, the plaintiff alleged that a material change of circumstances arose from the fact that his "[e]ldest minor child now exhibits fear of [him], which she has never exhibited before."

That motion for contempt alleged four distinct violations of the court's June 18, 2012 orders by the defendant. Specifically, it alleged that the defendant violated orders requiring (1) the defendant to notify the plaintiff "of any illness, accident or other circumstance seriously affecting either child's health or welfare"; (2) the minor children to "be afforded privacy for their telephone conversations" with him; (3) the defendant not "to do anything that may estrange the children" from him; and (4) the defendant to "exchange e-mails twice weekly to inform [him] of medical appointments, school projects, class trips, extracurricular activities, and health or behavioral issues involving the children." On July 14, 2014, the defendant filed an objection to the plaintiff's request for leave to file the aforementioned motions.[4]

Two days later, the court issued notice of its decision on the plaintiff's request for leave. That notice stated: "The request for leave is partially granted. The plaintiff's motion for contempt dated July 2, 2014, only [the second and fourth grounds] shall be scheduled for hearing on short calendar. The request for leave as to all other motions is denied." The court subsequently issued an articulation of that decision, in which it explained that neither the first nor third ground alleged in the plaintiff's motion for contempt gave rise to a colorable claim of contempt. The court also stated that the plaintiff's motion to modify "is completely devoid of any claim that there has been a 'substantial change in circumstances' since the entry of the court's last order . . . . Even if the court were to assume all of [the motion's] allegations and assertions are true, it gives no rise to a postjudgment motion to modify . . . in that, on its face, the motion is legally insufficient." From that judgment, the plaintiff now appeals.

## I

The plaintiff first contends that the court improperly

denied his request for leave to file his motion to modify the existing parenting plan. He claims that the court improperly decided that matter without first holding a probable cause hearing, in contravention of the mandatory requirement of Practice Book § 25-26 (g). We agree.

The rules governing statutory construction apply equally to statutes and rules of practice. *Statewide Grievance Committee* v. *Rozbicki*, 219 Conn. 473, 480, 595 A.2d 819 (1991), cert. denied, 502 U.S. 1094, 112 S. Ct. 1170, 117 L. Ed. 2d 416 (1992). The proper construction of a rule of practice presents a question of law over which our review is plenary. *Bojila* v. *Shramko*, 80 Conn. App. 508, 514–15, 836 A.2d 1207 (2003).

As an appellate body, this court possesses "the authority to determine whether the provisions of our Practice Book are directory or mandatory." *Banks* v. *Thomas*, 241 Conn. 569, 587 n.19, 698 A.2d 268 (1997). "The test to determine whether a statute is mandatory or directory is also applicable to rules of practice." *State* v. *Ocasio*, 50 Conn. App. 748, 755 n.7, 718 A.2d 1018 (1998), rev'd on other grounds, 253 Conn. 375, 751 A.2d 825 (2000).

We therefore begin with the language of § 25-26 (g), which provides in relevant part: "[U]pon or after entry of a judgment or final order of custody and/or visitation . . . the judicial authority may order that any further motion for modification of a final custody or visitation order shall be appended with a request for leave to file such motion . . . . The specific factual and legal basis for the claimed modification shall be sworn to by the moving party or other person having personal knowledge of the facts recited therein. *If no objection to the request has been filed by any party within ten days of the date of service of such request on the other party, the request for leave may be determined by the judicial authority with or without hearing. If an objection is filed, the request shall be placed on the next short calendar*, unless the judicial authority otherwise directs. At such hearing, the moving party must demonstrate probable cause that grounds exist for the motion to be granted. . . ." (Emphasis added.)

The plain language of Practice Book § 25-26 (g) establishes that a hearing is mandatory when a timely objection to the request for leave has been filed, as "[d]efinitive words, such as must or shall, ordinarily express legislative mandates of nondirectory nature." (Internal quotation marks omitted.) *Butts* v. *Bysiewicz*, 298 Conn. 665, 676, 5 A.3d 932 (2010). As our Supreme Court has observed, "[t]his court previously has recognized the significance of the [drafter's] choice in electing to choose shall or may in formulating a statutory directive." (Internal quotation marks omitted.) *Cendant Corp.* v. *Commissioner of Labor*, 276 Conn. 16, 31, 883 A.2d 789 (2005). That court also has indicated that "words used in the Practice Book [are construed]

according to their commonly approved meaning." *Lo Sacco* v. *Young*, 210 Conn. 503, 507, 555 A.2d 986 (1989). "The word 'must' usually connotes a command or requirement." Id. "We have held other rules of practice that employ the term 'must' or a similar term to be mandatory." Id. Accordingly, "[a]bsent an indication to the contrary, the [drafter's] choice of the mandatory term 'shall' rather than the permissive term 'may' indicates that the . . . directive is mandatory." (Internal quotation marks omitted.) *Vargas* v. *Doe*, 96 Conn. App. 399, 412, 900 A.2d 525, cert. denied, 280 Conn. 923, 908 A.2d 546 (2006).

Equally significant is the fact that Practice Book § 25-26 (g) employs both "may" and "shall" in specifying when a hearing on a request for leave is warranted. "[W]hen the [drafter] opts to use the words 'shall' and 'may' in the same statute, they 'must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings.' " *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 20, 848 A.2d 418 (2004). Consistent with that precedent, we must presume that this diction was deliberate. Id.

Despite that ample authority, we nonetheless recognize that "the use of the word shall, though significant, does not invariably establish a mandatory duty." (Internal quotation marks omitted.) *Teresa T.* v. *Ragaglia*, 272 Conn. 734, 744, 865 A.2d 428 (2005). "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Rozbicki*, supra, 219 Conn. 480–81; see also *Shelby Mutual Ins. Co.* v. *Evans*, 20 Conn. App. 1, 4–5, 563 A.2d 1041 (1989).

The provisions of Practice Book § 25-26 at issue in this appeal plainly pertain to a matter of substance. That rule of practice governs a litigant's ability to file a postdissolution motion for modification of a custody or visitation order. In specifying that a hearing "shall" be held when an objection to a request for leave to file such a motion is filed, § 25-26 (g) secures the litigant's opportunity to be heard thereon. That right to be heard, in turn, stems from the litigant's fundamental liberty interest under the federal constitution in the nurture, upbringing, companionship, care, and custody of his children. See *Troxel* v. *Granville*, 530 U.S. 57, 65–66, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000); *In re Tayler F.*, 296 Conn. 524, 553–54, 995 A.2d 611 (2010). Given the gravity of that interest and the plain mandate of § 25-26 (g) to conduct a hearing in such instances, we are "perplexed as to why the trial court did not allow a hearing"; *Wendy* v. *Santiago*, 319 Conn. 540, 547 n.8,

A.3d    (2015); particularly when the plaintiff's July 2, 2014 filing expressly requested such a hearing. Contra *Malave* v. *Ortiz*, 114 Conn. App. 414, 421, 970 A.2d 743 (2009) (court conducted five day hearing on request for leave to file motion to modify custody order).

We conclude that the use of the word "shall" in § 25-26 (g) establishes a mandatory requirement. In those instances in which a timely objection to a request for leave is filed, the trial court is obligated to conduct a probable cause hearing on the matter. Because the defendant filed such an objection in the present case, we agree with the plaintiff that the court improperly denied his request for leave to file his motion for modification without holding a probable cause hearing.

II

The plaintiff also claims that the court abused its discretion in denying his motion for modification. In light of our resolution of his first claim, we need not consider that contention, as the matter is remanded to the trial court for a probable cause hearing on the plaintiff's request for leave to file his motion for modification in accordance with Practice Book § 25-26 (g). The scope of that remand, however, requires additional discussion in light of events that have transpired during the pendency of this appeal.

It is undisputed that, on February 25, 2015, the plaintiff filed a further request for leave to file a motion to modify the parental access orders entered in October, 2013, with respect to his minor children. On March 5, 2015, the defendant filed an objection to that motion.[5] By order dated March 11, 2015, the court granted the request for leave with respect to his minor son, but did not grant it with respect to his minor daughter.[6]

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 506–507, 970 A.2d 578 (2009).

We conclude that the plaintiff's appeal is moot with

respect to his motion to modify the parental access orders concerning his minor son.[7] During the pendency of this appeal, the trial court, by order dated March 11, 2015, granted him leave "to pursue his motion for modification as to the current access orders with his son." Accordingly, there is no practical relief that this court can afford the plaintiff on that discrete issue.[8] We therefore dismiss that portion of the plaintiff's appeal that pertains to his request for leave to file a motion to modify the parental access orders concerning his minor son.

### III

The plaintiff's final claim is that the court abused its discretion in denying his request for leave on two of the four claims underlying his motion for contempt against the defendant. We conclude that this court lacks jurisdiction over that claim due to the lack of a final judgment.

In its September 26, 2014 articulation of its decision on the plaintiff's July 2, 2014 request for leave to file a motion for contempt, the court expressly concluded that the first and third grounds alleged therein did not give rise to a colorable claim of contempt. The court thus granted the plaintiff's request only with respect to the second and fourth grounds alleged in the motion for contempt. Accordingly, the present case is one in which the trial court has resolved some, but not all, of the claims presented in the plaintiff's motion for contempt.

"[T]he existence of a final judgment is a jurisdictional prerequisite to an appeal . . . ." (Internal quotation marks omitted.) *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 485, 923 A.2d 657 (2007). In *Bucy* v. *Bucy*, 19 Conn. App. 5, 7–8, 560 A.2d 483 (1989), this court held that a ruling that does not resolve all of the issues raised in a motion for contempt is not an appealable final judgment. As the court stated: "This appeal must be dismissed because the record clearly establishes that it was not taken from a final decision of the trial court. In its memorandum of decision . . . [t]he trial court . . . left several issues raised by the plaintiff's motion [for contempt] unresolved, directing counsel to contact the court to schedule a hearing for the purpose of resolving those issues. Instead of proceeding as directed by the trial court, the defendant appealed the incomplete order. Because there are unresolved issues, the order of the trial court is not final." Id.; accord *McGuinness* v. *McGuinness*, 155 Conn. App. 273, 278, 108 A.3d 1181 (2015) (ruling that "has not fully disposed" of postdissolution motion to modify not final judgment).

That precedent commands a similar conclusion in the present case. Here, the court determined that two of the four allegations of contumacious conduct were

without merit. It nevertheless granted the plaintiff's request for leave to proceed on the remaining two allegations and ordered that "the plaintiff's motion for contempt . . . shall be scheduled for hearing on short calendar." As was the case in *Bucy*, instead of proceeding as directed by the trial court, the plaintiff has appealed that incomplete order. This court, therefore, is without jurisdiction to entertain the plaintiff's claim due to the lack of a final judgment.

The judgment is reversed only as to the denial of the plaintiff's request for leave to file a motion to modify (1) the custody and parental access orders with respect to his minor daughter and (2) the custody orders with respect to his minor son, and the case is remanded for further proceedings consistent with this opinion. The appeal is dismissed in all other respects.

In this opinion the other judges concurred.

[1] Although Thurber has not filed an appellate brief in this matter, she did attend oral argument before this court. Because the appellee has not filed a brief in this appeal, the guardian ad litem for the minor children, Attorney Margaret M. Bozek, was not obligated under our rules of practice to file a brief or statement with this court. See Practice Book § 67-13.

[2] That motion alleged in relevant part: "There has been a substantial change in circumstances in that the current parenting plan is not in the minor children's best interests. The plaintiff/father is residing in a one bedroom apartment, the minor child's therapist is extremely concerned with the plaintiff/father's poor judgment as well as his refusal to participate in counseling both with the child and individually and is currently recommending a change in the parenting plan."

[3] In its oral ruling, the court stated in relevant part that the plaintiff's "judgment and ability to parent his children in their best interest has deteriorated since the time of [the court's] initial judgment [on] June 18, 2012. This coupled with [the minor daughter's] reactions and [the minor son's] behaviors in school constitutes a substantial change in circumstances. The children's best interest requires a modification of the court's orders regarding access with him."

[4] There is no indication in the record before us that the defendant's objection was untimely under Practice Book § 25-26 (g), nor does the plaintiff so argue.

[5] The record is silent as to whether a probable cause hearing was held on the plaintiff's February 25, 2015 request for leave.

[6] The court's order stated in relevant part that it "shall grant the [plaintiff's] request for leave to pursue his motion for modification as to the current access orders with his son."

[7] We note that, unlike the plaintiff's July 2, 2014 motion to modify, the February 25, 2015 motion to modify pertained only to what the plaintiff termed "access/visitation" orders. By contrast, his July 2, 2014 motion sought to modify both parental access and custody orders.

[8] At oral argument before this court, the plaintiff acknowledged that his appeal has become moot in this limited respect.