## CITY OF NORWALK *v*. NORWALK MUNICIPAL EMPLOYEES ASSOCIATION

SUPERIOR COURT  FAIRFIELD COUNTY  FILE NO. 154533

Memorandum filed December 27, 1974

*Arthur J. Goldblatt,* for the plaintiff.

*Nevas, Nevas & Rubin,* for the defendant.

MIGNONE, J. This is an action to vacate an arbitration award in a labor dispute pursuant to General Statutes § 52-418. On June 7, 1974, and June 12, 1974, arbitration proceedings before the state board of mediation and arbitration were held. At the conclusion of the hearing on June 12, 1974, all parties agreed that a clerk of the board could give oral notice of the substance of the board's decision as

soon as the issue was decided by the members of the board. That agreement was made in full contemplation that a final written decision would be forthcoming. The oral notice given on June 27, 1974, was merely to facilitate any necessary budgetary requests by the plaintiff as a result of the arbitration award itself. A final written decision was rendered on July 16, 1974, and this motion to vacate the award was served on the defendant on August 12, 1974.

The statute governing the appeal period should be read in connection with General Statutes § 31-98, which permits the rendition of immediate decisions by the board of mediation and arbitration. Although § 31-98 permits (on the board's own discretion and with the consent of the parties) the issuance of an oral decision immediately on conclusion of the proceedings, the statute still contains the additional requirement that, after the rendition of an oral decision, the panel or individual member rendering the oral decision, as the case may be, must "submit a written copy of the decision to each party within fifteen days from the issuance of such oral decision."

There is nothing in the record to indicate that the parties had stipulated or agreed that any appeal would have to be taken within thirty days of the rendition of the oral decision. Section 31-98 requires that a "written copy of the decision" must be submitted to each party within fifteen days following the issuance of the oral decision. The inference is compelling that the written copy of the decision is the final act of the decision making power of the board. Moreover, whether a decision be a written one originally or a written copy of an oral decision, § 31-98 requires that the "decision shall state such details as will clearly show the nature of the decision and the points disposed of by the panel."

The oral notice of the decision communicated by the clerk of the board to the plaintiff is not claimed to be in compliance with that requirement of § 31-98 with regard to setting forth the required details. The written notice admittedly did comply, and the plaintiff's appeal was, in fact, taken within thirty days from the receipt of that written notice by the plaintiff. See *Boltuch* v. *Rainaud,* 137 Conn. 298, 301.

Since the plaintiff's motion to vacate the award was timely filed, the defendant's plea in abatement is hereby overruled.