SHELBY MUTUAL INSURANCE COMPANY *v.*
DAVID EVANS
(7596)

DAVID EVANS *v.* SHELBY MUTUAL
INSURANCE COMPANY
(7597)
(7775)

BORDEN, O'CONNELL and FOTI, Js.

Argued June 8—decision released September 19, 1989

1

2

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant (Shelby Mutual Insurance Company).

*Robert R. Sheldon,* for the appellee (David Evans).

BORDEN, J. In these consolidated appeals, Shelby Mutual Insurance Company (Shelby) appeals from three judgments that in effect confirmed an arbitration award in favor of David Evans.[1] The dispositive issue is whether Practice Book § 525[2] is mandatory or directory in the context of a case in which the trial court has already ordered arbitration to proceed. We hold that under these circumstances Practice Book § 525 is directory and we find error.

Certain facts are not in dispute. Evans, who is an insured under a motor vehicle policy issued by Shelby, filed an application with the trial court to require Shelby

---

[1] Although in certain respects the trial court created three different files and, hence, Shelby appealed from three different judgments, it is clear that all three judgments derived from the same order to proceed with arbitration, the same arbitration award, and the same set of postaward proceedings. We therefore consider all the proceedings as having taken place in one case. For purposes of the judgment files, however, our rescript will indicate the proper disposition of each separate judgment involved in these appeals.

[2] Practice Book § 525 provides: "In proceedings brought for confirming, vacating or correcting an arbitration award under Gen. Stat., §§ 52-417, 52-418 or 52-419, the court or judge to whom the application is made shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted."

to proceed with arbitration of a certain claim by Evans for underinsured and uninsured motorist benefits. The court, *Melville, J.*, granted the application, and the parties proceeded to arbitrate the matter. On May 2, 1988, the arbitrators rendered their award in favor of Evans in the amount of $44,647.

On May 12, 1988, Shelby presented an application to the court seeking, inter alia, to vacate or correct the award. This application was accompanied by an order to show cause and a citation to Evans to appear for a hearing on June 7, 1988. The court, *Harrigan, J.*, signed the order and citation, and an assistant clerk notified Shelby's counsel by telephone to pick up the signed papers. The papers were not picked up by Shelby, however, until after June 7, 1988, and were never served on Evans. On June 22, 1988, Shelby filed a second application to vacate or correct the award, accompanied by and referring to its earlier application dated May 12, 1988. Evans moved to dismiss this application on the ground that it had not been filed within thirty days of the award as required by General Statutes § 52-420 (b).[3]

Meanwhile, on May 24, 1988, Shelby filed a motion to correct or vacate the award, and certified service of it to Evans' counsel pursuant to Practice Book § 120. Evans acknowledges timely receipt of a copy of this motion. Shelby filed this motion in the same trial court case as Evans' original motion to compel arbitration.[4] The court, *Harrigan, J.*, denied this motion on the ground that Practice Book § 525 is mandatory in requir-

---

[3] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an [arbitration] award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

[4] In that same case, Evans had earlier, while the arbitration proceeding was pending, applied for a court order directing an out-of-state witness to appear for a deposition to be used in the arbitration proceeding and had filed a notice of that deposition.

ing that there be "a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted." Shelby appealed that decision in appeal No. 7597. The court, *Harrigan, J.,* also granted Evans' motion to dismiss Shelby's second application to vacate on the ground that it did not comply with the time requirement of General Statutes § 52-420 (b). Shelby appealed that decision in appeal No. 7596.

Thereafter, the court, *Thompson, J.,* confirmed the arbitrators' award. Shelby appealed that decision in appeal No. 7775.

We agree with Shelby's claim that the court erred by denying Shelby's motion to vacate filed on May 24, 1988, because under the circumstances of this case Practice Book § 525 is directory and not mandatory. We therefore need not consider Shelby's other claims of error.

There is no dispute that Shelby's motion filed on May 24, 1988, was made within thirty days of the award, and thus complied with General Statutes § 52-420 (b). See footnote 3, supra. We conclude, moreover, that the provisions of Practice Book § 525, requiring a citation and order to show cause in proceedings to confirm, vacate or correct an arbitration award, are directory and not mandatory where, as in this case, the award is the result of arbitration proceedings compelled by a prior court order.[5] We therefore hold that Shelby's motion and service pursuant to Practice Book § 120 were sufficient.

Whether a rule of practice is mandatory or directory depends on " ' "whether the prescribed mode of action

---

[5] We need not decide in this case whether a different result would obtain where the parties proceeded to arbitration without the necessity of a court order.

is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345 (1951). If it is a matter of substance, the statutory provision is mandatory. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 451, 190 A.2d 591 (1963). If, however, the . . . provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." ' " *Rowe* v. *Godou,* 12 Conn. App. 538, 542, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988).

First, the purpose of Practice Book § 525 is to secure an orderly and efficient mechanism for judicial action when a party seeks to confirm, vacate or correct an award. The purposes of a citation and order to show cause are ordinarily to obtain personal jurisdiction over and give proper notice to a party. Where the parties are already in court regarding the arbitration proceeding, there is no vital need for a citation and order to show cause. Second, the provisions of Practice Book § 525 are stated in the affirmative, "unaccompanied by negative words." *Rowe* v. *Godou,* supra; compare *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986), with *Pepe* v. *New Britain,* 203 Conn. 281, 286–88, 524 A.2d 629 (1987). Third, Practice Book § 525 complements General Statutes § 54-420 (a), which provides: "(a) Any application under section 52-417, 52-418 or 52-419 shall be heard *in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct,* in order to dispose of the case with the least possible delay." (Emphasis added.) If Shelby's motion could have been heard "in the manner provided by law for hearing written motions at a short calendar session," there is no

reason under the circumstances of this case why it could not also be filed and notice of it served in the same manner.

There is error. In appeal No. 7597, the judgment denying the motion to vacate filed by Shelby Mutual Insurance Company is set aside, in appeal No. 7775, the judgment confirming the arbitration award is set aside, and those two cases are remanded for further proceedings according to law. Appeal No. 7596 is dismissed as moot.

In this opinion the other judges concurred.