[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, City of Hartford, filed an application to vacate an arbitration award on December 13, 1991. The defendant is the local 760 International Association of Firefighters.
The defendant filed a "special appearance" on January 6, 1992, for jurisdictional purposes only. The defendant also filed a memorandum of law in opposition to the application to vacate, an answer, and a cross application to confirm the arbitration award, on January 6, 1992.
On January 13, 1992, the defendant filed a motion to dismiss the application to vacate the arbitration award, on both subject matter and personal jurisdiction grounds.
Defendant argues that the plaintiff failed to satisfy the requirements of Practice Book 525 because the citation names the International Association of Firefighters rather than the correct party, Local 760 of the International Association of Firefighters. CT Page 2624
"[T]he purpose of Practice Book 525 is to secure an orderly and efficient mechanism for judicial action when a party seeks to confirm, vacate or correct an award. The purposes of a citation and order to show cause are ordinarily to obtain personal jurisdiction over and give proper notice to a party." Shelby Mutual Ins. Co. v. Evans, 20 Conn. App. 1, 5,563 A.2d 1041 (1989). The failure to comply with Practice Book 525 involves personal jurisdiction rather than subject matter jurisdiction.
"Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 112 and 113. . . ." Practice Book 144.
Because the defendant filed its motion to dismiss after filing a memorandum of law in opposition to the application to vacate the arbitration award, an answer, and a cross-application to confirm, personal jurisdiction has been waived.
The Motion to Dismiss is denied.
SCHALLER, JUDGE