[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has filed a motion to correct or clarify an arbitration award based on section 52-419 of the General Statutes. The defendant has moved to dismiss the application, alleging that it was not filed within the time limits in section 52-420(b) of the General Statutes. A claim that the court does not have jurisdiction must be resolved when raised and before the merits of the application can be considered. Baldwin Piano CT Page 10326 Organ Co. v. Blake, 186 Conn. 295, 297.
Arbitration is a special statutory proceeding, Boltuch v. Rainaud,137 Conn. 298, 301, and the terms of the arbitration statutes rather than the rules governing conventional civil actions apply. Section 52-420(b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." In this case the arbitrator made his decision on September 23, 1992. The decision was received by the American Arbitration Association on Thursday September 24, 1992, and it mailed the same day to counsel for both parties. While the defendant's counsel received it on Saturday September 26th, the plaintiff's attorney did not receive it until Monday September 28th. The motion to correct was filed at the Superior Court in Danbury on October 27, 1992, but was returned by the clerk's office because the papers submitted did not contain an order for hearing, notice page, and a copy of the application for arbitration. The papers filed did contain the motion to correct or modify, a memorandum of law in support of it, and an application and order to show cause. While the clerk requested other documents in order to process the application, the record does not indicate that any essential documents for a motion to modify or correct under section 52-419 were not filed on October 27, 1992. [Section 525 of the Practice Book provides that the court or judge to to whom an application is made in a proceeding to correct an arbitration award shall cause a citation to be issued directing adverse parties in the arbitration proceeding to appear on a date certain and show cause why the application should not be granted. The citation is issued by the court rather than counsel for the applicant after the motion to correct is filed.]
While not deciding the specific issue here, City of Norwalk v. Norwalk Municipal Employees Union, 32 Conn. Sup. 85, 87 (1974) suggests that an appeal taken within 30 days of receipt of the written notice of decision complied with the statute. As indicated in Hubbard v. Planning Commission, 151 Conn. 269, 271-72, in order for the right of appeal to have any value, the person who is to exercise that right must know that there is a decision to be appealed from. In Kron v. Thelen, 178 Conn. 189,197, it was held that a probate appeal taken within 30 days after the plaintiff became aware of the decree of the probate court was allowed even though the appeal was more than 30 days after the date of the decree. Section 52-420(b) calculates the 30 day period from "the notice of the award" which implies that it is timely if taken within 30 days of the parties obtaining notice of it. Requiring the motion to be filed within 30 days after the arbitrator or its agent mails the decision in effect means that the parties have less than 30 days to act, which should not be inferred unless that construction is clear from the CT Page 10327 phrasing of the statute. The defendant has not identified any cases which construe the 30 days as commencing with the decision itself or when it is mailed. Civil cases calculating the appeal period from the time the clerk's office mails notice of a decision are not controlling because they are based on statutes or court rules which are phrased differently. In addition, proceedings under section 52-420 are not civil actions. Waterbury v. Waterbury Police Union, 176 Conn. 401, 408.
The motion to dismiss is denied.
Robert A. Fuller, Judge