[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Town of Winchester, is a Connecticut municipality and the defendant is a labor union recognized as the collective bargaining agent for sworn police officers in the employ of the Town. On or about July 30, 1992, the parties entered into a collective bargaining agreement under the auspices of the Connecticut Municipal Employees Relations Act. That agreement addresses the terms and conditions of employment of the covered employees for the period July 1, 1992 through June 30, 1994, including the resolution of contract grievances through the State Board of Mediation and Arbitration.
In January, 1993 a member of the bargaining unit, Officer Mathiasen, filed a grievance under the contract alleging that he had been improperly passed over for promotion to the rank of Sergeant in an appointment made on December 25, 1992. Under the rules of the Board of Mediation and Arbitration, the parties agreed to an expedited arbitration hearing, which was held on April 28, 1993. At that time both parties presented documentary evidence and oral testimony under oath. At issue was whether the chief of police, in making the promotional appointment was bound by the contract to appoint the most senior officer from among the three highest scoring candidates, or make the appointment of his choice from among the three highest scoring candidates.
Among the evidence presented by the union to the arbitrator was the sworn testimony of three long-time officers who testified that to their knowledge the past practice in such situations was to always promote the most senior officer, regardless of test scores. Documentary evidence of prior promotions was not available at that time.
At the conclusion of the hearing the arbitrator rendered his award in an oral presentation, noting that the formal written award would follow by mail. In his award the arbitrator found that the Town had, in fact, violated the collective bargaining agreement by not promoting Officer Mathiasen based solely upon his seniority. As a remedy the arbitrator vacated the promotion of Officer John Hamzy and ordered the town to promote Officer Mathiasen, effective December 25, 1992.
On May 3, 1993, in reliance upon the oral award, the chief of police implemented the arbitrator's order and promoted CT Page 8772 Officer Mathiasen, returning John Hamzy to the rank of patrolman. Subsequently, on or about May 30, 1993, the chief of police located the misplaced promotion records and discovered that these records appear to contradict the testimony of the Union's witnesses at the arbitration hearing concerning the historical role of seniority in prior promotions.
On June 5, 1993 the Town filed its application to vacate the arbitration award and, on June 8, 1993, mailed copies of the application to the State Attorney General and to the State Board of Mediation and Arbitration.
The defendant filed a motion to dismiss the plaintiff's application to vacate the arbitration award and attached a supporting memorandum thereto. On August 9, 1993 the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss.
The motion to dismiss is provided for in Practice Book and is the proper means to challenge the jurisdiction of the court. Practice 143; Zizka v. Water Pollution Control Auth., 195 Conn. 682, 686, 490 A.2d 509 (1985).
The right to appeal an arbitration award through an application to vacate is a limited, statutorily created right. See General Statutes 52-418, 420. A statutory right of appeal maybe taken advantage of only by strict compliance with the statutory provisions by which it was created. Chester Realty, Inc. v. C.H.R.O., 201 Conn. 350, 356, 357,514 A.2d 749 (1986); Eason v. Welfare Commission, 171 Conn. 630, 635,370 A.2d 1082 (1976).
The defendant contends that the plaintiff did not file a memorandum in opposition at least five days before this motion was considered on short calendar and therefore consented to the granting of this motion.
Practice Book 143 provides that "[i]f an adverse party objects to this motion to dismiss, he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. Practice Book 143 has been amended so as to delete the provision that stated that an adverse party's failure to file a timely memorandum in opposition is deemed to CT Page 8773 have consented to the granting of the motion; see Southport Manor Convalescent Center, 216 Conn. 11, 12-13 n. 1.578 A.2d 646 (1990). Practice Book 143 still provides that the adverse party shall file a memorandum if he objects. The plaintiff has filed a memorandum in opposition to the defendant's motion, therefore this court will now address the merits of the motion to dismiss.
The defendant contends that the plaintiff has failed to comply with two essential and mandatory statutory requirements in filing its application. First, the plaintiff did not file its application to vacate within thirty (30) days of notice of the award.
General Statutes 52-420(b) provides that, "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." As accurately noted by the defendant, the right to appeal an arbitration award is a statutorily created right and must be taken in compliance with the procedures and provisions of the enabling legislation. See Chester Realty, Inc. v. C.H.R.O., supra 356. In the case at bar, the issue is whether the thirty day time limit runs from the arbitrator's verbal decision at the conclusion of the hearing on April 28, 1993 or from the written decision on May 6, 1993.
Pursuant to section 31-91-51 of the Rules of Procedure of the State Board of Mediation and Arbitration, the arbitration in question was handled as an "expedited arbitration." Under this procedure there is no stenographic record, no briefs, no written opinion accompanying the award and the case may be heard by a single arbitrator. In addition, "`All other requirements of the board's regulations concerning arbitration, which are not in conflict with this subsection, shall apply unless waived by mutual agreement of the parties and the board chairman."
Section 31-91-45(b) of the Rules provides, "Oral award shall be rendered upon mutual request of the parties. Whether or not an oral award has been rendered, an award shall be reduced to writing and signed by the members of the Panel." Further, as set forth in section 31-91-47 of the rules, "the award, incorporating the panel's decision, will be sent by first class mail to the parties." CT Page 8774
In the instant case, although not specifically requested by the parties, the arbitrator, on his own, chose to render an oral decision because of the nature and intensity of the issue. However, the formal award was, in fact, reduced to writing and mailed to the parties on May 6, 1993. As noted by the defendant in its brief, the only published case on point is City of Norwalk v. Norwalk Municipal Employees Association,32 Conn. Sup. 85, 338 A.2d 509 (1974). In that case, at the conclusion of the hearing all parties agreed that a clerk of the board could give oral notice of the substance of the board's decision, with the formal written decision to follow. When an appeal was taken within thirty days of the written decision, but beyond thirty days of the oral notice, the Superior Court for Fairfield County, ruled that where a written award is required, the thirty day statute of limitations begins to run from the written notice, notwithstanding the fact that oral notice had been given previously.
The rationale of that ruling is applicable to the present case. The Rules of the Board of Mediation and Arbitration provides that in all cases a written award must be given. Further, notice of the award is given by mailing a copy of the award by first-class mail to all of the parties. General Statutes 52-420(b) requires filing an appeal within thirty days of the "notice of the award." Since the Rules set out the means and method of notice of the award as being in writing, mailed by first class mail to the parties, then the statute of limitations can only begin from the recognized notice, i.e. mailing of the written award.
The defendant attempts to distinguish this case from City of Norwalk because in that case there was no claim that the oral notice of the decision set forth the details of the award. This is a distinction without a difference. The case at bar was an expedited arbitration. Thus, there would be no detailed opinion or explanation of the award, simply an award responding in the affirmative or negative to the submission. The controlling point is that the Rules recognize only a written award as the official decision, and mailing of that decision is the method providing "notice" to the parties.
Lastly the defendant contends that the Town failed to comply with a second statutorily mandated requirement for application to vacate awards concerning the State Board of CT Page 8775 Mediation and Arbitration. General Statutes 52-418(c) requires that a party filing such an application ". . . shall notify said board and the attorney general, in writing, of such filing within five days of the date of filing."
On June 8, 1993, plaintiff's counsel mailed by first-class, postage prepaid, copies of the application to vacate to the state attorney general and to the State Board of Mediation and Arbitration. Connecticut has long recognized that the purpose of notice is to provide the recipients the opportunity to be fully and fairly advised of the opportunity to be heard on a specific matter. Winslow v. Zoning Board of the City of Stamford, 143 Conn. 381, 122 A.2d 789 (1956). The purpose of notice is to provide the State Board of Mediation and Arbitration, whose arbitrator's decision is being challenged, the opportunity to appeal, in the person of the attorney general, and take part in the proceedings if it should so choose. However, the statutory requirement of notifying the Board and the attorney general does not impose a specific method of notice other than it be in writing within five days of the filing date. Therefore, any method of service, such as personal service, certified mail, regular mail or any other method is proper under the statute.
Defendant has provided affidavits from an assistant attorney general and the secretary of the Board of Mediation and Arbitration stating that they personally did not receive the letter of notice and copy of application until well beyond the five day filing period. The plaintiff's attorney, however, has filed an affidavit which states that on June 8, 1993 he "personally deposited in the United States mail, at the post office located on Washington Avenue, North Haven, Connecticut, two letters addressed to the Attorney General of the State of Connecticut, 30 Trinity Street, Hartford, Connecticut, and to the State Board of Mediation and Arbitration, 200 Folly Brook Boulevard, Wethersfield, Connecticut, . . . ." Where delivery by mail is permitted, then depositing a letter with the post office, as specified, constitutes proper delivery, and hence, notice. Tucker v. Connecticut Ins. Placement Facility,192 Conn. 653, 473 A.2d 1210, on remand, 2 Conn. App. 109,475 A.2d 1105 (1984). Thus, where delivery by mail is permitted, the plaintiff cannot be responsible for mail delays or internal bureaucratic problems after depositing the notice with the U.S. postal service. CT Page 8776
Since the statute does not proscribe a specific method of service, delivery by mail is appropriate.
Accordingly, the defendants' motion to dismiss is denied.