[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action to vacate an arbitration award. The State Board of Mediation and Arbitration (hereinafter "board") issued the award on July 22, 1993, against the plaintiff, Town of Hamden (hereinafter "town") and in favor of a terminated municipal employee and her representative, the defendant, AFSCME, Council 4, Local 818 (hereinafter "union"). The town claims to have received notice of the board's decision on July 27, 1993, which the union denies. No additional information concerning the date of notice has been offered by either party.
On August 25, 1993, the town filed an application to vacate the arbitration award with the clerk of the Superior Court. On September 3, 1993, the union filed a single pleading containing a counter application to confirm the arbitration award, an answer, CT Page 957 and special defenses. On November 19, 1993, the town filed a revised application to vacate the arbitration award and a motion for summary judgment with an accompanying memorandum of law. On November 23, 1993, the union filed an answer and affirmative defenses to the town's revised application. The union filed an objection to the town's motion for summary judgment and a memorandum in opposition on December 2, 1993. The union contends that a motion for summary judgment is not proper or permissible in response to a motion to vacate an arbitration award.[1] The union further asserts that the court is without jurisdiction to grant relief to the town.
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction." Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 245 (1989) (citations omitted).
The union contends that the court is without jurisdiction to grant relief, first, because the town failed to bring the application within thirty days after notice as required by statute. General Statute 52-420 (b) states that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." It is well settled that an application to vacate an arbitration award is "made" when it is delivered to the clerk's office and that it is not necessary to complete other functions, such as service upon the respondent, within thirty days. Boltuch v. Rainaud, 137 Conn. 298 (1950); Monsees v. Cigna, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 452744 (March 19, 1993, Langenbach, J.). In the present case, the arbitration award was issued on July 22, 1993. The town alleges it received notice of the award on July 27, 1993. The union denies this claim, but offers no contrary evidence, proof or information. The application to vacate was filed on August 25, 1993, within thirty days of the date upon which the town claims to have received notice.
The union next asserts that the court lacks jurisdiction on the ground that no show cause order or citation was issued as required by Practice Book 525 and General Statutes 52-420. The provisions of Practice Book 525 may be directory not mandatory. Shelby Mutual Ins. Co. v. Evans, 20 Conn. App. 1 (1989). The failure to comply with Practice Book 525 does not deprive the CT Page 958 court of jurisdiction, particularly where the parties are already in court and there is no vital need for a citation and order to show cause. Id. at 5. Here, the defendant claims no lack of notice, nor has it filed a motion to dismiss, but rather answered timely and established its affirmative defenses.
Next, the union argues that the court lacks jurisdiction because the town set a return date that was more than two months after the date of the summons and application in violation of General Statutes 52-48 (b). Section 52-48 addresses process in civil actions and mandates that all process shall be made returnable not later than two months after the date of the process. "An application to vacate arbitration award triggers special statutory proceedings that are not civil actions." Middletown v. Police Local, No. 1361, 187 Conn. 228, 231 (1982), citing Waterbury v. Waterbury Police Union Local 1237, 176 Conn. 401, 408-409
(1979). Section 52-48 is not applicable to the present action, because the present action is not a civil action.
Having disposed of the defendant's jurisdictional arguments, the court now turns to the union's final contention, that a motion for summary judgment is not proper or permissible in an action to vacate an arbitration award.
"Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds . . . the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." General Statutes 52-418
(a)(4). An application to vacate arbitration award is not a civil action. Middletown v. Police Local, No. 1361, supra. Any party may move for a summary judgment "[i]n any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d) . . . ." Practice Book 379. Practice Book 1 states that the rules for the Superior Court govern the practice and procedure in the Superior Court in all actions of a civil nature. A motion for summary judgment, which is only appropriate in civil actions, is not permissible in a proceeding to vacate an arbitration award, as an application to vacate is not a civil action.
Accordingly, the plaintiff's motion for summary judgment is denied. CT Page 959
Robert A. Martin, Judge