[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the defendant's objection to the plaintiff's motion to vacate an arbitration award as to a claim for uninsured motorist benefits.
The defendant claims that the motion to vacate was improperly filed in the same case file as the plaintiff's application to compel the arbitration and that the filing of the motion to vacate is therefore ineffective.
Connecticut General Statutes § 52-420 provides that an application to vacate an arbitration award "shall be heard in the CT Page 530-V manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay."
It is undisputed that the application to vacate the arbitration award was filed within thirty days of notice of the award, as required by C.G.S. § 52-420(b)
Section 525 of the Practice Book states that in proceedings brought to vacate an arbitration award under C.G.S. § 52-418, the court "shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted." After having been served with the application to vacate, counsel for the defendant filed its procedural objection before the issuance of the notice of a hearing date as to the substance of the application to vacate.
The movant has identified no provision of law that required the plaintiff to commence a new proceeding rather than filing her application in the existing case file. That file, which was opened when the plaintiff filed an application to compel arbitration, was still an accessible court file when the application to vacate was filed, and the clerk of the court accepted the application for filing in that existing file. Other CT Page 530-W than P.B. § 325, which requires the court to issue an order scheduling a hearing, no statute or practice rule specifies the procedure for filing an application to vacate or requires that a new court file be opened.
The Appellate Court has, moreover, indicated that even the limited procedures indicated in P.B. § 525 are merely directory, not mandatory. In Shelby Mutual Insurance Co. v.Evans, 20 Conn. App. 1, 5 (1989), that Court stated:
 The purposes of a citation and order to show cause are ordinarily to obtain personal jurisdiction over and give proper notice to a party. Where the parties are already in court regarding the arbitration proceeding, there is no vital need for a citation and order to show cause.
The Appellate Court noted that the provisions of P.B. § 525 are "unaccompanied by negative words," indicating that a party is not precluded from proceeding in another way that fulfills the goals of C.G.S. § 420 et seq. of prompt filing, notice and adjudication.
The Connecticut Supreme Court has suggested that courts should not needlessly construe procedural provisions in a way that precludes substantive adjudication. See, e.g., ConceptCT Page 530-XAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618, 623-24
(1994). Moreover, C.G.S. § 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
The objection of the defendant is overruled. The substance of the application shall be heard in Courtroom 4D, 235 Church Street, New Haven, on January 27, 1997.
Hodgson, J.