## DYVON SMALL *v.* GOING FORWARD, INC.
### (AC 26096)

Lavery, C. J., and Harper and Peters, Js.

Argued May 25—officially released August 23, 2005

*Daniel S. Blinn*, with whom was *Matthew T. Theriault*, for the appellant (plaintiff).

*John B. Farley*, with whom were *Kevin J. Greene* and, on the brief, *William J. McGrath, Jr.*, for the appellee (defendant).

*Opinion*

HARPER, J. In accordance with General Statutes § 52-235[1] and Practice Book § 73-1,[2] the trial court

[1] General Statutes § 52-235 provides: "(a) The Superior Court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the Supreme Court or Appellate Court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the Supreme Court or the Appellate Court."

[2] Practice Book § 73-1 sets forth the procedure and form for reservations.

granted the joint interlocutory motion of the plaintiff, Dyvon Small, both individually and on behalf of a class of others similarly situated, and the defendant, Going Forward, Inc., doing business as Manchester Chrysler, for reservation of a question of law. The issue framed by the parties and reserved for advice is: "Does § 14-62 of the General Statutes regulate the amount that a motor vehicle dealer may charge as a dealer conveyance fee, such that a court may determine that the statute is violated if the amount charged is not reasonable in light of the dealer's reasonable costs for processing all documentation and performing services related to the closing of the sale of the vehicle?" We answer the reserved question in the negative.

The parties submitted the following stipulation to the court: "The plaintiff is an individual resident of Connecticut who has proposed to represent a class of purchasers of motor vehicles, who have purchased motor vehicles from the defendant. . . . The defendant is a Connecticut corporation and a licensed dealer of motor vehicles. . . . On or about June 5, 2002, the plaintiff entered into a contract with the defendant to purchase a motor vehicle. . . . The contract included a 'dealer conveyance fee' of $299. . . . The amount of the dealer conveyance fee was disclosed on the purchase order. . . . The purchase order also disclosed, in ten point bold type, that 'THE DEALER CONVEYANCE "FEE" IS NOT PAYABLE TO THE STATE OF CONNECTICUT.' . . . The purchase order was signed by the plaintiff and accepted by the defendant and the sale and transfer of the vehicle was completed. . . .[3]

"In this lawsuit, the plaintiff claims that the dealer conveyance fee charged by the defendant violated § 14-62 of the General Statutes because it was 'more than

[3] The parties attached as an exhibit to their stipulation a copy of the purchase order for the plaintiff's vehicle.

the reasonable costs for processing all documentation and performing services related to the closing of the [sale of the vehicle] . . . .' Based upon this alleged violation of § 14-62 of the General Statutes, the plaintiff claims that the defendant violated the Connecticut Unfair Trade Practices Act, § 42-110a et seq. of the Connecticut General Statutes, and seeks damages and injunctive relief under that Act. . . . The defendant maintains that § 14-62 of the General Statutes does not regulate the amount a dealer may charge as a dealer conveyance fee, but instead imposes certain disclosure requirements upon dealers."

General Statutes § 14-62 (a) provides in relevant part: "Each sale [of a motor vehicle] shall be evidenced by an order properly signed by both the buyer and seller, a copy of which shall be furnished to the buyer when executed, and an invoice upon delivery of the motor vehicle, both of which shall contain the following information . . . (9) any dealer conveyance fee or processing fee and a statement that such fee is not payable to the state of Connecticut printed in at least ten point bold type on the face of both order and invoice. For the purposes of this subdivision, 'dealer conveyance fee' or 'processing fee' means a fee charged by a dealer to recover reasonable costs for processing all documentation and performing services related to the closing of a sale, including, but not limited to, the registration and transfer of ownership of the motor vehicle which is the subject of the sale."

The plaintiff argues that, by defining "dealer conveyance fee" as "a fee charged by a dealer to recover reasonable costs" related to the closing of a vehicle's sale, the legislature "substantively" limited the amount a dealer may charge for the dealer conveyance fee. He properly observes that § 14-62 (a) requires dealers to disclose separately, on the order and invoice, the cash sale price, the finance charges and the dealer convey-

ance fee. He argues that, if the dealer conveyance fee exceeds the actual costs related to the closing of the sale, it does not represent a dealer conveyance fee at all and should be disclosed as another type of charge to the buyer. He argues that, by defining the dealer conveyance fee as "reasonable," the legislature expressly intended to preclude a dealer from charging "whatever amount it likes." He argues that a narrow construction of the statute would frustrate the statute's primary purpose of protecting motor vehicle buyers in their unequal bargaining relationship with motor vehicle dealers. He suggests that "[t]he courts should be permitted to look beyond a dealership's characterization of the [dealer conveyance] fee and be permitted to determine whether, in reality, it has shifted profit that should appropriately have been included within the cash sale price [for the motor vehicle]."

The defendant argues that § 14-62 (a) (9) requires the disclosure of the amount of the dealer conveyance fee but that it does not regulate the fee otherwise. The defendant argues that, by interpreting the statute as he does, the plaintiff improperly affords purely definitional language a regulatory meaning that is not evident from the plain language of the statute or its legislative history.

General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

Our analysis of § 14-62 (a) is, in large measure, guided by the manner in which the statute is constructed. The statute begins by stating that each sale of a motor vehicle "shall be evidenced by an order properly signed by

both the buyer and seller, a copy of which shall be furnished to the buyer when executed, and an invoice upon delivery of the motor vehicle . . . ." General Statutes § 14-62 (a). The remainder of subsection (a) lists nine categories of information that "shall" be included in the order and invoice. The ninth category is "any dealer conveyance fee or processing fee and a statement that such fee is not payable to the state of Connecticut printed in at least ten point bold type on the face of both order and invoice. . . ." General Statutes § 14-62 (a) (9). Immediately thereafter, the statute provides: "For the purposes of this subdivision, 'dealer conveyance fee' or 'processing fee' means a fee charged by a dealer to recover reasonable costs for processing all documentation and performing services related to the closing of a sale, including, but not limited to, the registration and transfer of ownership of the motor vehicle which is the subject of the sale." General Statutes § 14-62 (a) (9).

We conclude that the meaning of this statute is plain and unambiguous. The legislature's use of the word "shall," followed by substantive requirements that sales be evidenced in a certain way and that particular types of information be disclosed, imposed a mandatory obligation on dealers. "Absent an indication to the contrary, the legislature's choice of the mandatory term 'shall' rather than the permissive term 'may' indicates that the legislative directive is mandatory." *Bailey* v. *State*, 65 Conn. App. 592, 604, 783 A.2d 491 (2001). Creating an obligation for dealers to disclose certain information in both the order and the invoice is the unmistakable and primary purpose of § 14-62 (a).

The statutory language relied on by the plaintiff is part of a definition provided in the subsection. This part of the subsection is prefaced by the following language: "For the purposes of this subdivision, 'dealer conveyance fee' or 'processing fee' means . . . ." General Stat-

utes § 14-62 (a) (9). The legislature's use of the terms "[f]or the purposes of this subdivision" and "means" reflects that the statement that follows, concerning the two types of fees, is intended to assign meaning to terms used in the subdivision. "There can be no clearer guide to the interpretation of a statutory term than the meaning assigned to it in the definitional section of the same statute." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 29, 717 A.2d 77 (1998). Read in context, the definition in § 14-62 (a) relates only to the dealer's duty to disclose the fee. This definitional language defines the terms used in the primary, or substantive, parts of the statute. There is no indication that it gives rise to a separate obligation. We reject the plaintiff's argument that the legislature, by this definitional language, "substantively limit[ed] the amount a [dealer] may charge to its reasonable costs" of closing the sale.

Apart from the fact that the provision on which the plaintiff relies is a definition, the provision, even if examined separately from the statute, does not reflect a legislative intent to regulate the amount of fees. The statute defines the fee as "a fee charged by a dealer to recover reasonable costs for processing all documentation and performing services related to the closing of a sale . . . ." General Statutes § 14-62 (a) (9). The statute does not provide a maximum amount that a seller may charge for these services, nor does it require sellers to limit the fee to actual costs incurred in connection with the closing of a sale. Such requirements would, at the least, support the plaintiff's claim that the provision was intended to regulate, not merely to define. They are simply not there.

"We ordinarily do not read statutes so as to render parts of them superfluous or meaningless." (Internal quotation marks omitted.) *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 37,

848 A.2d 418 (2004). The legislature's use of the word "reasonable" in describing costs related to the closing of a sale takes on a lesser significance in the definitional section of a statute that mandates disclosure than it would in a statute that regulated fees. It appears that, here, the definition of fees, as the "reasonable costs" related to the closing of the sale, is meant to explain what information must be disclosed. Describing the fees as "reasonable" costs, in this context, does not regulate what amount may be charged by the dealer.

Our interpretation is reinforced by subsection (c) of the statute.[4] Subsection (c) provides that the amount charged in the dealer conveyance fee or processing fee is an amount to be determined by each dealer. Subsection (c) sets forth additional disclosure requirements concerning, among other things, the fee and the services performed by the dealer for the fee.

For the foregoing reasons, we conclude that § 14-62 does not regulate the amount that a dealer may charge as a dealer conveyance fee. Section 14-62 requires only that the fee be disclosed in the manner prescribed. This being the case, we answer the reserved question in the negative.

The reserved question is answered: "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.

---

[4] General Statutes § 14-62 (c) provides: "Each dealer shall provide a written statement to the buyer or prominently display a sign in the area of his place of business in which sales are negotiated which shall specify the amount of any conveyance or processing fee charged by such dealer, the services performed by the dealer for such fee, that such fee is not payable to the state of Connecticut and that the buyer may elect, where appropriate, to submit the documentation required for the registration and transfer of ownership of the motor vehicle which is the subject of the sale to the Commissioner of Motor Vehicles, in which case the dealer shall reduce such fee by a proportional amount. The Commissioner of Motor Vehicles shall determine the size, typeface and arrangement of such information."