ALFREDO VARGAS *v.* JOHN DOE ET AL.

Flynn, C. J., and Schaller, DiPentima, McLachlan and Rogers, Js.

Argued May 16—officially released June 5, 2006*

*Nathalie Feola-Guerrieri,* with whom, on the brief, was *Daniel Shepro,* for the petitioner (plaintiff).

*Max F. Brunswick,* for the respondents (defendants).

### Opinion

DiPENTIMA, J. In our review of this expedited petition arising from a civil action brought against the parents of a minor child, we address the application of § 11-20A of our rules of practice for the first time. In his petition, the plaintiff, Alfredo Vargas, challenges the

---

* June 5, 2006, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

order of the trial court allowing the use of pseudonyms by the defendants.[1] We conclude that we have jurisdiction and grant the relief requested because the court failed to comply with the dictates of § 11-20A.[2] We therefore vacate the court's order permitting the defendants to proceed by use of pseudonyms and sealing those documents in the file containing their names.

The plaintiff commenced this action on March 29, 2006. The original complaint named each defendant

[1] For purposes of clarity, we refer to the petitioner and the respondents as the plaintiff and the defendants, respectively, throughout this opinion.

[2] The provisions of Practice Book § 11-20A relevant to our review are as follows:

"(a) Except as otherwise provided by law, there shall be a presumption that documents filed with the court shall be available to the public.

"(b) Except as provided in this section and except as otherwise provided by law . . . the judicial authority shall not order that any files, affidavits, documents, or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited. . . .

"(f) (1) A motion to seal the contents of an entire court file shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the judicial authority otherwise directs, so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity to be heard on the motion under consideration. . . .

"(2) The judicial authority may issue an order sealing the contents of an entire court file only upon a finding that there is not available a more narrowly tailored method of protecting the overriding interest, such as redaction, sealing a portion of the file or authorizing the use of pseudonyms. The judicial authority shall state in its decision or order each of the more narrowly tailored methods that was considered and the reason each such method was unavailable or inadequate. . . .

"(h) (1) Pseudonyms may be used in place of the name of a party or parties only with the prior approval of the judicial authority and only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in knowing the name of the party or parties. The judicial authority shall first consider reasonable alternatives to any such order and any such order shall be no broader than necessary to protect such overriding interest. The judicial authority shall articulate the overriding interest being protected and shall specify its findings underlying such order and the duration of such order. . . . The time, date, scope and duration of any such order shall forthwith be reduced to writing and be signed by the judicial authority and be entered by the court clerk in the court file. The judicial authority shall order that

and, within its allegations, identified the minor child by name. The complaint sounds in six counts, and its allegations arise from the plaintiff's acquittal on charges that he sexually assaulted a daughter of the defendants in October, 2000. The plaintiff was tried twice on these charges. The first trial resulted in a conviction, which was reversed on appeal. *State* v. *Vargas*, 80 Conn. App. 454, 835 A.2d 503 (2003), cert. denied, 267 Conn. 913, 840 A.2d 1174 (2004). The second trial resulted in the plaintiff's acquittal, after which he filed this civil action, alleging in part that the defendants have accused falsely various individuals, including the plaintiff, of sexually molesting their children.[3]

On April 3, 2006, the defendants filed two motions pursuant to § 11-20A: a motion to seal file and proceedings and a motion to proceed by pseudonyms. These motions alleged that the requested orders are necessary to protect the privacy interests of the minor child and her family. The plaintiff opposed both motions, arguing that the defendants are trying to conceal their practice of making false allegations of sexual abuse undetected under the guise of protecting their child's privacy. The trial court scheduled a hearing as required under § 11-20A.

At the April 24, 2006 hearing, the court heard testimony first from the plaintiff's witnesses, who were members of the public and a member of the local press, and then from the defendants themselves.[4] Among the plaintiff's eight witnesses was his trial counsel from

a transcript of its decision be included in the file or prepare a memorandum setting forth the reasons for its order. . . ."

[3] The operative complaint, which is the second amended complaint of April 25, 2006, no longer identifies the minor child by name. The counts sound in negligence, negligent supervision of a child, false imprisonment, civil conspiracy, malicious prosecution and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

[4] The plaintiff is residing in Nicaragua and was not present at the hearing.

his second criminal trial, who testified that the media coverage after the first trial led to the appearance of favorable witnesses for the plaintiff in his successful second trial. The only witnesses called by the defendants were themselves. They testified about the publicity that would harm their daughter and the motives and merits of the plaintiff's lawsuit. Thereafter, the court held a hearing on May 1, 2006, at the request of the Connecticut Post, a daily newspaper published in Bridgeport. At that hearing, the court heard argument from counsel for the Connecticut Post and the defendants' counsel. Counsel for the Connecticut Post objected only to the motion to seal.[5]

On May 1, 2006, the court entered the following order: "Accordingly, the court enters the following order, which shall remain in effect until further order of the court, and is entered without prejudice to any party requesting reconsideration or modification of this order as the case progresses or as circumstances change:

"1. The present action shall be maintained using pseudonyms for the defendants and the minor child.

"2. All court filings shall use pseudonyms John Doe and Jane Roe to refer to the defendants—father and mother, respectively, and Child Doe for the minor child.

"3. The clerk shall remove all documents in the file which contain the names of the defendants or the name of the child alleged to have been molested and place them in a sealed envelope with a notation that it is to

---

[5] At the commencement of the May 1, 2006 hearing on the defendants' motion to seal and proceed anonymously, counsel for the Connecticut Post stated as follows: "We . . . don't particularly care much about the pseudonyms, Your Honor, because the Post has already identified the parties involved and we . . . intend to keep using those names unless we're ordered otherwise. We're not going to defy an order of the courts. We don't think the request for pseudonyms like the request for sealing files in proceeding is well placed for the reasons that I'll go into. But I'm merely here to argue on the motions to seal and to . . . close the courtroom."

be opened only upon further order of the court. These pleadings shall be replaced by the clerk with duplicates substituting the names John Doe and Jane Roe for the names of the defendants and Child Doe for the child. The clerk shall also change the name of the file to Vargas v. John Doe and Jane Roe."

On May 3, 2006, pursuant to Practice Book § 77-1,[6] the plaintiff filed with this court a petition for review of the May 1, 2006 order of the trial court, providing for the use of pseudonyms for the defendants and their minor child and for the sealing of all documents in the file containing the names of the defendants and their minor child. The defendants filed an opposition to the petition on May 8, 2006, challenging it on jurisdictional grounds as well as on its merits. On May 16, 2006, this court held an expedited hearing.

I

We first address whether this court has jurisdiction to review this order. "[E]xcept insofar as the constitution bestows upon this court jurisdiction to hear certain cases . . . the subject matter jurisdiction of the Appellate Court . . . is governed by statute. . . . It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review; see, e.g., General Statutes § 52-278*l* (prejudgment remedies); General Statutes § 54-63g (petition for review of bail); General Statutes § 51-164x (court closure orders); *State v. Ayala*, 222 Conn. 331, 340, 610 A.2d 1162 (1992); appellate jurisdiction is limited to final judgments of

---

[6] Practice Book § 77-1 (a) provides in relevant part: "[A]ny person affected by a court order which prohibits the public or any person from attending any session of court, or any order that seals or limits the disclosure of files, affidavits, documents or other material on file with the court or filed in connection with a court proceeding, may seek review of such order by filing . . . a petition for review with the appellate court within seventy-two hours after the issuance of the order. . . ."

the trial court. [See] General Statutes § 52-263 . . . ." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 45, 818 A.2d 14 (2003). Appellate jurisdiction for review of the court's order permitting the defendants to proceed anonymously and sealing any pleading referring to the defendants or their minor child by name derives from General Statutes § 51-164x.

Section 51-164x (c) provides in relevant part: "Any person affected by a court order that seals or limits the disclosure of any files, affidavits, documents or other material on file with the court or filed in connection with a court proceeding . . . shall have the right to the review of such order by the filing of a petition for review with the Appellate Court within seventy-two hours from the issuance of such court order. . . ." There is no serious dispute that this section of the General Statutes confers jurisdiction on this court to review that portion of the trial court's order sealing the pleadings that refer to the defendants and their minor child by name.[7] The defendants, however, argue that this court lacks jurisdiction to review the trial court's order permitting them to proceed anonymously. We disagree.

We first note that because the orders sealing the pleadings and permitting the defendants to proceed anonymously are intertwined inextricably, review of the sealing order, for which there is an explicit grant of jurisdiction in § 51-164x, necessarily would include review of the order permitting the use of pseudonyms.

---

[7] The defendants attempt to argue that the court's order did not seal anything when it permitted them to proceed anonymously. The court's order, however, facially contradicts that statement because it provides: "The clerk shall remove all documents in the file which contain the names of the defendants or the name of the child alleged to have been molested and place them in a sealed envelope with a notation that it is to be opened only upon further order of the court."

We conclude, however, that § 51-164x confers jurisdiction on this court to review an order permitting the use of pseudonyms regardless of whether that order is separate from or connected to an order sealing a filing or any portion thereof. In reaching that conclusion, we find particularly compelling that portion of § 51-164x (c) that provides this court with jurisdiction to review a "court order that . . . limits the disclosure of any . . . material on file . . . ." Undoubtedly, the names of the defendants are "material on file," and omitting those names and permitting them to be replaced with pseudonyms constitutes limiting their disclosure.

"The presumption of openness of court proceedings . . . is a fundamental principle of our judicial system." *Doe* v. *Connecticut Bar Examining Committee,* supra, 263 Conn. 65. This policy of openness is not to be abridged lightly. In fact, the legislature has provided for very few instances in which it has determined that, as a matter of course, certain privacy concerns outweigh the public's interest in open judicial proceedings. See, e.g., General Statutes § 46b-11 (permitting closed hearings and sealing of records in "family relations matter" where court determines "the welfare of any children involved or the nature of the case so requires"); General Statutes § 46b-49 (permitting closed hearings in divorce, separation and annulment proceedings when "in the interests of justice and the persons involved"); General Statutes § 46b-122 (exclusion from courtroom in juvenile matters of "any person whose presence is, in the court's opinion, not necessary"); General Statutes § 46b-142 (requiring omission of name of minor child involved in appeals taken from termination of parental rights); General Statutes § 54-76c (sealing of court file during investigation to determine whether defendant "is eligible to be adjudged a youthful offender"); General Statutes § 54-76h (requiring that all youthful offender proceedings except those under § 54-76c be private);

General Statutes § 54-86f (holding in camera hearing concerning evidence of sexual conduct of victim in prosecution for sexual assault); General Statutes § 54-86g (permitting taking of child's testimony in child abuse cases outside of courtroom).

For situations that do not fall within these specified exceptions and yet in which a limit on disclosure is requested, the trial court must consider whether a substantial privacy interest exists to override the public's interest in open judicial proceedings. Such consideration is not reserved solely for questions of court closure or the sealing of documents, but extends to whether any individual may proceed by a pseudonym. "The principle of openness of judicial proceedings includes the question of whether one may proceed anonymously therein, because the question of *who* is using the judicial system is ordinarily as much a part of that principle as *why* it is being used." (Emphasis in original.) *Doe* v. *Connecticut Bar Examining Committee,* supra, 263 Conn. 68. For this reason, our Supreme Court has stated that "[t]he privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest." *Buxton* v. *Ullman,* 147 Conn. 48, 60, 156 A.2d 508 (1959), appeal dismissed sub nom. *Poe* v. *Ullman,* 367 U.S. 497, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961).

The disclosure of who is using our judicial system is an integral part of judicial openness. The whole purpose of § 51-164x is to afford expedited review of a court order that limits disclosure, and its express provisions do not contain an exception for the nondisclosure of the identity of the parties. "As our Supreme Court has often stated, [w]e are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find

expression in its words . . . . [T]his court cannot, by judicial construction, read into legislation provisions that clearly are not contained therein." (Citation omitted; internal quotation marks omitted.) *Temlock* v. *Temlock*, 95 Conn. App. 505, 512, 898 A.2d 209 (2006). Additionally, it is not reasonable to assume the legislature intended to confer jurisdiction on this court to review all disclosure limitations with the exception of orders pertaining to the use of pseudonyms. Without an express statement by our legislature providing for such a result, we will not conclude that that was its intention. See *Rocco* v. *Garrison*, 268 Conn. 541, 550, 848 A.2d 352 (2004) ("[i]n construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended" [internal quotation marks omitted]). We therefore conclude that a trial court's order permitting a party to proceed by pseudonym is immediately reviewable pursuant to § 51-164x in the same manner as a trial court's order sealing a file or part thereof.[8]

II

Having concluded that we have jurisdiction to consider the plaintiff's petition for review in its entirety, we now set forth our standard of review concerning the merits of the petition. We review a trial court's

---

[8] We also find persuasive that the procedures a court must follow in entering an order permitting a party to proceed by pseudonym are set forth under the same rule of practice as the procedures a court must follow in entering a sealing order and that the procedures a court must follow when considering a motion to seal an entire court file include consideration of lesser restrictive alternatives such as the use of pseudonyms. See Practice Book § 11-20A (f) (2). Although this rule of practice, in conjunction with Practice Book § 77-1, would not be sufficient to confer jurisdiction on this court to review a trial court's order permitting a party to proceed by pseudonym; see *State* v. *Carey*, 222 Conn. 299, 307, 610 A.2d 1147 (1992) ("Practice Book rules do not ordinarily define subject matter jurisdiction"), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994); its provisions signify a general understanding that such an order is immediately reviewable in the same fashion as a sealing order.

decision granting or denying a motion to seal to determine whether, in making the decision, the court abused its discretion. *Preston* v. *O'Rourke,* 74 Conn. App. 301, 317, 811 A.2d 753 (2002). Likewise, we review a trial court's decision on whether to permit a party to proceed anonymously to determine whether, in granting or denying such a request, the court employed its "informed discretion . . . ." *Doe* v. *Connecticut Bar Examining Committee,* supra, 263 Conn. 70. "Inherent [therefore] in the concept of judicial discretion is the idea of choice and a determination between competing considerations. . . . A court's discretion must be informed by the policies that the relevant statute is intended to advance." (Citation omitted.) *State* v. *Robinson,* 32 Conn. App. 448, 460, 630 A.2d 87 (1993), aff'd, 230 Conn. 591, 646 A.2d 118 (1994). When reviewing a trial court's exercise of the legal discretion vested in it, our review is limited to whether the trial court correctly applied the law and reasonably could have concluded as it did. *Simms* v. *Chaisson,* 277 Conn. 319, 325, 890 A.2d 548 (2006). Practice Book § 11-20A provides the procedure courts must follow when considering both motions to seal and motions to permit parties to proceed anonymously. Because, in this case, the court's decision to seal certain documents in the file was incidental to its decision to permit the defendants to proceed anonymously, our focus is on the court's order allowing pseudonyms.

Section 11-20A (h) (1) provides in relevant part: "Pseudonyms may be used in place of the name of a party or parties . . . only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in knowing the name of the party or parties. The judicial authority shall first consider reasonable alternatives to any such order and any such order shall be no broader than necessary to protect such overriding interest. The judicial authority shall articulate the overriding interest

being protected and shall specify its findings underlying such order and the duration of such order. If any findings would reveal information entitled to remain confidential, those findings may be set forth in a sealed portion of the record. . . . An agreement of the parties that pseudonyms be used shall not constitute a sufficient basis for the issuance of such an order. . . ."

The procedure outlined in § 11-20A (h) (1) provides a road map for what long has been understood as "a high threshold for granting applications to proceed anonymously . . . ." *Doe* v. *Connecticut Bar Examining Committee*, supra, 263 Conn. 69. The question the court first must address when considering such an application is "whether, given the presumption of openness in all judicial proceedings, the [party] has a substantial privacy right which outweighs the customary . . . presumption of openness in judicial proceedings." (Internal quotation marks omitted.) Id., 69–70. The burden, therefore, was not on the plaintiff in this case to show why the motion should not be granted, but rather the burden was on the defendants to show why they should be permitted to proceed anonymously. Furthermore, regardless of the plaintiff's position in reference to the defendants' motion to proceed by pseudonym, the defendants had to shoulder this burden. The privilege to proceed anonymously "is not a right the parties have as against each other; the court must determine the question as against the demands of the public interest." *Doe* v. *Diocese Corp.*, 43 Conn. Sup. 152, 158, 647 A.2d 1067 (1994).

Furthermore, not all substantial privacy interests are sufficient to outweigh the public's interest in open judicial proceedings. "The ultimate test for permitting a [party] to proceed anonymously is whether the [party] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." (Internal quotation marks omitted.) Id., 159. "A [party's] desire to avoid

economic and social harm as well as embarrassment and humiliation in his professional and social community is normally insufficient to permit him to appear without disclosing his identity." (Internal quotation marks omitted.) *Doe* v. *Connecticut Bar Examining Committee*, supra, 263 Conn. 70. "The most compelling situations [for granting a motion to proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the [party's] identity. . . . There must be a strong social interest in concealing the identity of the [party]." (Internal quotation marks omitted.) *Doe* v. *Diocese Corp.*, supra, 43 Conn. Sup. 159.

After reviewing the record in this case, we conclude that the court did not follow the dictates of our rules of procedure in ruling on the defendants' motion. The language of the memorandum of decision suggests that the court addressed the motion on the basis of the implicit assumption that because the present proceeding arose from a prior criminal case involving allegations of sexual assault of a minor child, the use of pseudonyms to protect the child's privacy would be proper as a matter of course. That is not the procedure established in § 11-20A. Rather, § 11-20A contains a presumption in favor of open judicial proceedings in order to protect the public interest. Thus, in using the implicit assumption, the court improperly placed the burden on the plaintiff to show why he and members of the public would be harmed if the defendants' names were not part of the public record.[9]

---

[9] At the commencement of the proceedings, the following exchange took place:

"[The Plaintiff's Counsel]: [A]s the court is aware, the Practice Book requires that in essence . . . there shall be a presumption that courtroom proceedings shall be open to the public.

"The Court: And there's loads of cases dealing with child molestation . . . [t]hat are sealed.

"[The Plaintiff's Counsel]: That's correct, Your Honor. However, [they] are distinguishable in that they deal with either matrimonial, juvenile matter,

More significantly in light of the procedural posture of this case, the court failed to determine the existence of a substantial privacy interest that outweighs the public interest in open judicial proceedings and to articulate any factual findings that would support such a conclusion. Such a conclusion and the articulation of factual findings to support it are necessary prerequisites under the rule for permitting a party to proceed anonymously. Section 11-20A (h) (1) provides that "[t]he judicial authority *shall articulate the overriding interest being protected* and *shall specify its findings underlying such order . . . .*" (Emphasis added.) "The rules of statutory construction apply with equal force to Practice Book rules." (Internal quotation marks omitted.) *State* v. *Genotti,* 220 Conn. 796, 807, 601 A.2d 1013 (1992). Our Supreme Court "previously has recognized the significance of the [drafter's] choice in electing to choose 'shall' or 'may' in formulating a . . . directive." *Cendant Corp.* v. *Commissioner of Labor,* 276 Conn. 16, 31, 883 A.2d 789 (2005). "Absent an indication to the contrary, the [drafter's] choice of the mandatory term 'shall' rather than the permissive term 'may' indicates that the . . . directive is mandatory." (Internal quotation marks omitted.) *Small* v. *Going Forward, Inc.,* 91 Conn. App. 39, 44, 879 A.2d 911, cert. granted on other grounds, 276 Conn. 910, 886 A.2d 423 (2005). The court's conclusive statements, therefore, that (1) it "considered the requirements of Practice Book § 11-20A (f) and (h)"; (2) it found "that the use of pseudonyms by the parents of the minor child in the pleadings

---

a criminal matter where the allegations will be part of the case. This case is against the defendant parent, not the child. The child is not going to be a party to the case.

"The Court: But the questions that you're going to be discussing are the allegations that the parent[s] made against [the plaintiff].

"[The Plaintiff's Counsel]: That's correct. . . .

"The Court: So, all the specifics could certainly end up being discussed. *And why need that be out in the public? You give me a reason.*" (Emphasis added.)

will serve the overriding interest of protecting the minor child from exposure of her private situation in the community"; and (3) "[t]he use of pseudonyms in the caption of the case and in all papers filed with the court by either side is the least restrictive and the least intrusive way to balance the interests of the public . . . and the interests of the defendants to protect the privacy interests of their child, who will be the focus of much of the evidence" are insufficient to constitute compliance with § 11-20A (h) (1).

Although we recognize that when allegations of sexual assault are involved, those who are alleged to be victims, especially minors, may have strong privacy interests in having the allegations and surrounding circumstances concealed from public scrutiny, the procedures that our rules of practice provide do not permit automatic approval of the use of pseudonyms by the party or parties involved. Rather, the rules of practice provide an intricate procedure that the court must follow prior to permitting the use of pseudonyms in any given case. In particular, the court must consider any reasonable alternatives available and ensure that its ultimate order is no broader than necessary to protect the overriding privacy interest. This overriding privacy interest that the court finds must be protected must be articulated,[10] and the court must specify (1) its findings underlying its order and (2) the duration of its order. The order, including the time, date, scope and duration, must be reduced to writing, signed by the judicial authority and entered into the court file. Additionally, the court must order a transcript of its decision or prepare a separate, written memorandum detailing the

[10] In light of the allegations of this lawsuit, it is particularly important that the court carefully and explicitly articulate the separate privacy interests of the defendants from those of their minor child, weighing each individually against the public interest.

reasons underlying its order.[11] Practice Book § 11-20A (h) (1). In this case, regardless of whether the court in fact considered the factors and engaged in the analysis required by the rules of practice, its consideration in these areas is not articulated as mandated by the rule, and the information included in the order is insufficient to sustain it.

The petition for review is granted, and the relief requested therein is granted. The order permitting the defendants to proceed anonymously and sealing those pleadings in the file referring to the defendants and the minor child by name is vacated.

In this opinion the other judges concurred.

[11] Because of the history of this case, in particular the representations of the Connecticut Post that it already knew the identities of all parties involved; see footnote 5; and the fact that the defendants did not seek a gag order in addition to their motions to seal and to proceed anonymously, we emphasize that events may occur in this case that could change the court's initial conclusions regarding the substantial privacy interest involved. Where the public already is aware of the circumstances sought to be kept private and readily can identify the individuals involved in those circumstances, the privacy interest at stake may become substantially less weighty. See *Doe* v. *Diocese Corp.*, supra, 43 Conn. Sup. 162.