ANN MYLES *v.* ROBERT MYLES
(AC 32635)

Lavine, Bear and Mihalakos, Js.

Argued November 15, 2011—officially released July 3, 2012

*Kenneth J. Bartschi*, with whom were *Brendon P. Levesque*, and, on the brief, *Dana M. Hrelic* and *Joseph T. O'Conner*, for the appellant (plaintiff).

*Steven D. Ecker*, with whom was *M. Caitlin S. Anderson*, for the appellee (defendant).

*Opinion*

BEAR, J. The plaintiff, Ann Myles, appeals from the judgment of the trial court granting the motion of the defendant, Robert Myles, for an order that the plaintiff refrain from further disseminating or discussing the content of the transcript of the court's November 25, 2008 hearing on custody and parenting issues (visitation hearing). On appeal, the plaintiff claims that the court, *Shay, J.*, exceeded its authority by expanding the original sealing order of the court, *Hon. Dennis F. Harrigan*, judge trial referee. Specifically, she claims that Judge

Shay erred in that he expanded Judge Harrigan's sealing order by improperly prohibiting her from (1) disseminating to third parties the transcript, or portions thereof, of the visitation hearing and (2) discussing with third parties the subject matter of the transcript of the visitation hearing. We agree that the prohibition on discussing the subject matter of the visitation hearing was an improper expansion of Judge Harrigan's order and, accordingly, reverse in part the judgment of the trial court.

The relevant facts are as follows. The plaintiff and the defendant were married on November 5, 1988, and have two minor children. In February, 2007, the plaintiff initiated a dissolution proceeding against the defendant. On November 17, 2008, the defendant filed a motion requesting that the court order that the courtroom be closed for the visitation hearing and that the record of that hearing be sealed pursuant to General Statutes §§ 46b-11[1] and 46b-49.[2] On November 25, 2008, Judge Harrigan granted that motion, finding that the private interests of the minor children and the parties overrode the interest of the public. On December 23, 2008, a judgment of dissolution entered. On April 26, 2010, the defendant filed a motion for an order requesting that

_____

[1] General Statutes § 46b-11 provides: "Any case which is a family relations matter may be heard in chambers or, if a jury case, in a courtroom from which the public and press have been excluded, if the judge hearing the case determines that the welfare of any children involved or the nature of the case so requires. The records and other papers in any family relations matter may be ordered by the court to be kept confidential and not be open to inspection except upon order of the court or judge thereof for cause shown."

[2] General Statutes § 46b-49 provides: "When it considers it necessary in the interests of justice and the persons involved, the court shall, upon the motion of either party or of counsel for any minor children, direct the hearing of any matter under this chapter and sections 17b-743, 17b-744, 45a-257, 46b-1, 46b-6, 47-14g, 51-348a and 52-362 to be private. The court may exclude all persons except the officers of the court, a court reporter, the parties, their witnesses and their counsel."

the court order the plaintiff to stop disseminating copies of the visitation hearing transcript to third parties. Following a July 19, 2010 hearing, Judge Shay granted the defendant's motion and ordered the plaintiff to refrain from disseminating to anyone the transcript, excerpts of the transcript, verbal summaries of the transcript or the subject matter contained in the transcript of the visitation hearing. Judge Shay further ordered that any copies of the transcript that had been disseminated to third parties be returned to the attorney for the minor children. On August 4, 2010, the plaintiff filed a motion for reconsideration, which was denied. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff claims that Judge Shay improperly construed Judge Harrigan's order and expanded its prohibitions. She argues that Judge Harrigan, in his November 25, 2008 order, closed the courtroom and sealed from public inspection the transcript and record from the visitation hearing, but that he did not enter a gag order[3] on the parties prohibiting them from releasing copies or verbal summaries of the transcript or prohibiting them from discussing with others the subject matter of the hearing. She contends that the order prohibited court personnel, not the parties,

[3] The term "gag order" appears in at least two Supreme Court opinions and three opinions of this court. See *State* v. *Lenarz*, 301 Conn. 417, 432 n.11, 22 A.3d 536 (2011); *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 489, 491, 492 nn.8 and 9, 496–97, 970 A.2d 570 (2009) (parties had been ordered "not to have any communication . . . regarding this litigation, or any ramification of this litigation, or what to do with proposed settlement funds that are coming in . . . [including] any and all communication on a website, letters, e-mails, any type of communication between the parties" [internal quotation marks omitted]); *Vargas* v. *Doe*, 96 Conn. App. 399, 414 n.11, 900 A.2d 525 (2006); *State* v. *Kelly*, 45 Conn. App. 142, 147, 695 A.2d 1 (1997); *Cassella* v. *Civil Service Commission*, 4 Conn. App. 359, 361, 494 A.2d 909 (1985), aff'd, 202 Conn. 28, 519 A.2d 67 (1987). A gag order is "[a] judge's order directing parties, attorneys, witnesses, or journalists to refrain from publicly discussing the facts of a case. . . ." Black's Law Dictionary (7th Ed. 1999).

from releasing information. We conclude that Judge Shay properly construed Judge Harrigan's order as prohibiting the dissemination of the transcript, excerpts of the transcript, and verbal summaries of the transcript of the visitation hearing, but that he improperly expanded the order to include discussion of the subject matter of the hearing.

"The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The judgment should admit of a consistent construction as a whole. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances." (Internal quotation marks omitted.) *Waterbury* v. *Phoenix Soil, LLC*, 128 Conn. App. 619, 626, 20 A.3d 1 (2011).

In this case, the defendant filed a motion, pursuant to §§ 46b-11 and 46b-49, to close the visitation hearing to the public and to keep "confidential and not . . . open to public inspection" the record of that hearing.[4]

---

[4] The text of the defendant's motion for closed hearing and records pendente lite is as follows: "The [d]efendant respectfully moves the [c]ourt pursuant to . . . §§ 46b-11 and 46b-49, that the courtroom be closed, and the public and press be excluded from any portion of the proceeding scheduled on Tuesday, November 25, 2008, as it pertains to the custody and parenting issues in this matter by reason of the fact that it is in the best interest of the minor children of the parties. The [d]efendant further moves that the records and other papers pertaining to the custody and parenting issues be kept confidential and not be open to inspection except by order of the [c]ourt for cause shown.

"Such orders are necessary to preserve interests that override the public's and/or press' interest in attending such proceedings and/or viewing such records and papers, and to secure the privacy and security of the minor children and the parties. The order sought is no broader than necessary to protect the interests of the minor children and parties."

On November 25, 2008, Judge Harrigan granted the defendant's motion, including but not limited to the portions thereof "that the records and other papers pertaining to the custody and parenting issues be kept confidential

Judge Harrigan granted that motion, closed the courtroom and sealed the record.[5] Although the plaintiff argues that Judge Harrigan's order did not prohibit the parties from disseminating the transcript of the visitation hearing, but only prohibited court personnel from disseminating it, we conclude that the order clearly provided (1) that the hearing be closed to the public and that, except by order of the court, (2) the record be kept confidential and (3) the record be sealed and not be open to public inspection. The portion of the order keeping the record, including the transcript, of the visitation hearing confidential was binding on the parties unless and until modified by further order of the court.

Section 46b-11 provides in relevant part that "[t]he records and other papers in any family relations matter *may be ordered by the court to be kept confidential* and not to be open to inspection except upon order of the court or judge thereof for cause shown." (Emphasis added.) The defendant requested, in part, in his motion for order that the court order that the record of the visitation hearing be kept confidential pursuant to § 46b-11. Judge Harrigan granted that motion. Although the dissent posits that we have "nonetheless concluded, through a single declarative statement, that the statute prohibited the parties from disseminating the visitation hearing transcript," we have made no such declaration. Section 46b-11 clearly states that the *court,* inter alia, *may order* that the record and papers be kept confidential. In this case, Judge Harrigan granted the defendant's motion that the "records and other papers pertaining to the custody and parenting issues" remain confidential,

and not be open to inspection except by order of the [c]ourt for cause shown . . ." in order "to secure the privacy and security of the minor children and the parties."

[5] According to Black's Law Dictionary (7th Ed. 1999), the court record is "[t]he official report of the proceedings in a case, including the filed papers, a verbatim transcript of the trial or hearing (if any) and tangible exhibits."

which Judge Harrigan had the discretion to do under § 46b-11.

The dissent also asserts that Judge Harrigan's intent to allow the parties to disseminate the transcript can be discerned from his failure to grant a gag order in this case. We have found nothing in the record to demonstrate that any party requested a gag order in this case, i.e., an order in addition to or separate from the order sought by the defendant in his motion. The defendant requested, in part, that the record, which includes the transcript, be kept confidential, and Judge Harrigan clearly granted that motion.

The dissent also attempts to support its position by arguing that Judge Harrigan's refusal to grant a request made by the plaintiff's counsel that the attorneys, but not the parties, could obtain a copy of the sealed order regarding visitation is further proof of the judge's intent that the parties were not prohibited from disseminating the sealed transcript. We see no correlation or contradiction between Judge Harrigan's ruling that the parties were entitled to copies of the sealed order and his order granting the motion that, in part, prohibited the plaintiff's dissemination of the sealed transcript, a copy of which the parties also were entitled to as one of the "records and other papers pertaining to the custody and parenting issues." Judge Harrigan did not abuse his discretion either in ruling that the parties were entitled to copies of the sealed order related to visitation, or in granting the defendant's motion to seal and to keep confidential the record of the visitation hearing, which, of necessity, meant that the parties were not at liberty to disseminate such materials to members of the public prior to seeking a further order of the court giving them permission to do so.[6] See *Arrington* v.

---

[6] We are unable to find any support in the record for the dissent's assertion that Judge Harrigan refused to prohibit the parties from disseminating the visitation hearing transcript. The portion of the transcript that is cited by the dissent for this point does not support the dissent's assertion.

*Arrington,* 930 So. 2d 1068, 1070 (La. App. 2006) (discussing trial court's previous finding of contempt against wife for violating order that sealed record in dissolution proceeding when "[the wife] sat right here in the courtroom while the [c]ourt ordered the record to be sealed because of the allegations by [the wife] towards [the husband] . . . [a]nd . . . in response to that [the wife] makes copies of the amended and supplemental petition and passes them out to her friends at the church"). The fact that the parties, because of their status as parties, were entitled to receive a copy of the sealed order and the transcript does not permit them to ignore Judge Harrigan's order to keep each document confidential.

Judge Harrigan ordered that the record from the visitation hearing be sealed and kept confidential, in part to "to secure the privacy and security of the minor children and the parties." The dissent fails to explain how such a clear order could be effectuated if the non-moving party simply could disseminate her copy of the transcript freely to the public without further order of the court. In this case, there was a contested hearing for which Judge Harrigan ordered the record sealed and kept confidential. The only reasonable interpretation of such an order is that neither court personnel nor the parties could disseminate parts of the record to members of the public. The dissent's interpretation of the order simply fails to effectuate its purpose, namely, unless otherwise permitted by the court, to keep the record sealed and confidential in order "to secure the privacy and security of the minor children and the parties."

After reviewing the record in this case, we conclude that Judge Shay properly determined that Judge Harrigan's order prohibited the parties from disseminating copies, portions or summaries of the transcript and the record of the visitation hearing prior to seeking a further order of the court giving them permission to do so, and that the plaintiff violated that order.

We further conclude, however, after review of the record, that the parties are not prohibited from merely stating or discussing their independent knowledge of the subject matter of the visitation hearing, provided the statements or discussion do not include any details of or information from the confidential proceeding. Thus, although Judge Shay's 2010 order was intended to effectuate Judge Harrigan's original order by keeping the details and content of the visitation hearing confidential, it was overbroad to the extent it prohibited the parties from stating or discussing their independent knowledge of the subject matter of the hearing. We note that the defendant's attorney, during oral argument before this court, indicated that he could not defend Judge Shay's order as prohibiting the parties from verbally conveying their independent knowledge of the subject matter of the visitation hearing. We appreciate counsel's statement on behalf of the defendant, and we agree that this portion of Judge Shay's order was an extension rather than an explication of Judge Harrigan's original order.

The judgment is reversed only insofar as the order prohibits the parties from merely stating or discussing the subject matter of the visitation hearing, provided the statements or discussion do not include any details of or information derived solely from the confidential proceeding and also providing such statements or discussion are based on their independent knowledge and not on information obtained from the hearing, and the case is remanded with direction to vacate that part of the order. The judgment is affirmed in all other respects.

In this opinion LAVINE, J., concurred.

MIHALAKOS, J., concurring in part and dissenting in part. I agree with the majority that the trial court improperly prohibited the plaintiff from discussing with

third parties the subject matter of the transcript of the visitation hearing; however, I respectfully disagree with the majority's conclusion that the trial court properly prohibited the plaintiff from disseminating to third parties the transcript of that hearing.

The following facts are relevant to this discussion. In February, 2007, the plaintiff initiated a dissolution proceeding against the defendant. On November 17, 2008, the defendant filed a motion pursuant to General Statutes §§ 46b-11 and 46b-49 for a closed hearing and to seal the records relating to the custody and parenting issues being contested by the parties at that time. On November 25, 2008, the trial court, *Hon. Dennis F. Harrigan,* judge trial referee, held the visitation hearing and granted the defendant's motion, ordering that two motions and the exhibits attached thereto be sealed, the courtroom be closed to the public and the transcript of the proceedings that day be kept under seal.[1]

On April 26, 2010, the defendant filed a motion seeking an order that the plaintiff, in accordance with Judge Harrigan's order, not disseminate or disclose to any other individual the transcript of the November 25, 2008 hearing, nor discuss the contents of that transcript. On July 19, 2010, the trial court, *Shay, J.,* held a hearing on that motion. Judge Shay granted the defendant's motion for order and noted that Judge Harrigan's order was "simple" and "straightforward," and that he was

---

[1] The majority states that the order of Judge Harrigan granted the defendant's motion "that, in part . . . prohibited the plaintiff's dissemination of the sealed transcript . . . ." My review of the order indicates no such language. On November 25, 2008, Judge Harrigan granted the defendant's motion for closed hearing and records pendente lite, which stated in relevant part: "The [d]efendant respectfully moves the [c]ourt pursuant to . . . §§ 46b-11 and 46b-49, that the courtroom be closed, and the public and press be excluded from any portion of the proceeding . . . . The [d]efendant further moves that the records and other papers pertaining to the custody and parenting issues be kept confidential and not be open to inspection except by order of the [c]ourt for cause shown."

"not expanding" Judge Harrigan's order but merely was "enforcing" it. Judge Shay ordered that any copies of the transcript that had been disseminated to third parties be returned to the attorney for the minor children. He also indicated that the parties were prohibited from talking about the subject matter of the transcript. This appeal followed.

Whether Judge Shay properly construed the order of Judge Harrigan is a question of law subject to plenary review. See *State* v. *Denya*, 294 Conn. 516, 529, 986 A.2d 260 (2010). "As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making . . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 91–92, 952 A.2d 1 (2008).

The conclusion of the majority that the parties are prohibited from disseminating the transcript of the visitation hearing is one reached through its analysis of § 46b-11, pursuant to which the defendant requested that Judge Harrigan seal the record of that hearing. Section 46b-11 provides in relevant part: "[T]he records and other papers in any family relations matter may be ordered by the court to be kept confidential and not to be open to inspection except upon order of the court or judge thereof for cause shown." Although it is unclear from the plain meaning of the statute whether the court may order the parties, or only court personnel, to keep the record "confidential," the majority has nonetheless concluded, through a single declarative statement, that

the statute prohibited the parties from disseminating the visitation hearing transcript.

The majority offers its statutory construction of § 46b-11 as if it alone decides the issue; however, our standard of review clearly indicates that when construing a court order, "[t]*he determinative factor is the intention of the court as gathered from all parts of the* [order or] *judgment.*" (Emphasis added; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager,* supra, 288 Conn. 91. Even assuming that the majority's interpretation of § 46b-11 is valid, its statutory construction is of no moment here precisely because the intention of the court is determinative of the analysis under our standard of review.

If Judge Harrigan meant to prevent the *parties* from disseminating the record he should have specifically ordered such a result or imposed a gag order. He did neither of these. It is my view that Judge Harrigan not only impliedly but expressly conveyed his intention that the parties were not prohibited from disseminating the visitation hearing transcript.

Because we conclude that Judge Shay improperly interpreted Judge Harrigan's order to be a prohibition on the parties' ability to discuss the subject matter of the visitation hearing, then we must likewise conclude that Judge Harrigan did not intend to issue a prohibition on the parties' ability to disseminate the visitation hearing transcript. Inherent in a court's authority to impose a gag order is the nondissemination of the transcript of the courtroom proceeding. To not issue such a gag order and then to order that the parties cannot disseminate the transcript yields an inconsistent result. It is to say that one can freely discuss the subject matter of the hearing with anyone one chooses (since a gag order was not made) but that one cannot disseminate the transcript, even though such an order was not given.

Judge Harrigan did not issue a gag order here, and, therefore, he did not intend to prevent the parties from disseminating the visitation hearing transcript.

Similarly, during the visitation hearing, Judge Harrigan expressly conveyed that he did not intend such a result. The defendant specifically asked Judge Harrigan to issue an order prohibiting the parties from disseminating his signed order, which was entered on a ten page portion of the transcript of that hearing. Judge Harrigan declined to grant the request during the following colloquy with counsel:

"[The Plaintiff's Counsel]: One question I have, Your Honor, is at some point could we get a copy of Your Honor's signed order?

"The Court: Once I get the transcript, I will have it reduced to a written order that I will sign. That will also be under seal but each of you will be entitled to it.

"[The Plaintiff's Counsel]: Okay.

"The Court: Does that satisfy you?

"[The Plaintiff's Counsel]: That's fine.

"[The Defendant's Counsel]: Except, Your Honor, may we have an order that that order that is signed remain with counsel and not be disseminated beyond counsel? That is the concern.

"[The Plaintiff's Counsel]: I think the parties are entitled to a copy of the order.

"The Court: Well, it is their case.

"[The Plaintiff's Counsel]: Absolutely.

"The Court: I can't control that but it seems to me that if they want to upset the apple cart at this late date, that is unfortunate. They are entitled to a copy of the order counsel. It is their case, like it or not."

496

It is impossible to reconcile Judge Harrigan's refusal to grant this request with the majority's position that he prohibited the parties from disseminating this transcript. Judge Harrigan had the opportunity at this juncture to specifically order that the parties could not disseminate the visitation hearing transcript. He chose not to. Instead, short of issuing such a prohibition, he merely acknowledged that it would be "unfortunate" if the parties disseminated the visitation hearing transcript and, in so doing, "upset the apple cart . . . ." The record is, moreover, bereft of a reasonable basis on which to conclude that Judge Harrigan intended otherwise. Contrary to our standard of review, the majority has fashioned a result inconsistent with Judge Harrigan's intention. Because Judge Harrigan did not issue a gag order and did not issue an order prohibiting the parties from disseminating the visitation hearing transcript in spite of the fact that such a request was made, his intention to seal the record only as it pertained to court personnel was unequivocal.

Accordingly, I would reverse the judgment of the trial court.